UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALIN DIMITROV,

                Plaintiff,

   -v-

THE UNITED STATES OF AMERICA, et. al.,

                Defendants.

CIVIL ACTION NO. 25 Civ. 7420 (JHR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of Plaintiff Kalin Dimitrov's ("Mr. Dimitrov") letter at Dkt. No. 31 arguing that Defendant the City of New York's (the "City") request that he sign a Designation of Agent for Access to Sealed Records Pursuant to N.Y. C.P.L. §§ 160.50 and 160.55 (Dkt. No. 31-1 at 5 (the "Sealed Records Release")) and an Authorization for Release of Health Information Pursuant to HIPAA (Dkt. No. 31-5 at 6–7 (the "Medical Release," together with the Sealed Records Release, the "Releases")) is "another instance of Defendants' efforts to interfere and influence this action by fabricating things about [him] and on [his] behalf." (Dkt. No. 31 (the "Letter")). On December 10, 2025, the Court ordered the City to respond to the Letter by December 19, 2025. (Dkt. No. 33). On December 19, 2025, the City filed a motion (i) to compel Mr. Dimitrov to properly execute the Releases, and (ii) to extend the City's deadline to respond to the Complaint from January 2, 2026 to March 3, 2026. (Dkt. No. 34 (the "Motion")).

For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**.

With respect to the Medical Release, the City states that "if [Mr. Dimitrov] sought medical treatment pertaining to the allegations in the complaint (Dkt. No. 1 (the "Complaint")), [the] City will need executed medical releases" in order "to properly investigate [Mr. Dimitrov's] allegations[.]" (See Dkt. No. 34 at 2). Mr. Dimitrov's alleges in the Complaint that "[t]his case is about the outrageous abuse of the Defendants' law enforcement and counterterrorism powers used to harm, degrade, provoke and entrap [Mr. Dimitrov] in the last 13 years and ongoing." (Dkt. No. 1 at 4). Mr. Dimitrov further alleges, inter alia, that Defendants "threatened to kill him," "threw pebbles at his windows," and attacked him with DE [directed energy] beams, "which led, among other things, to the abnormal electric charge of certain locations on his body." (Dkt. No. 1 at 4, 13, 274). Mr. Dimitrov further seeks compensatory damages to compensate him for "what he suffered and will continue to suffer," including "emotional pain," "mental anguish," "loss of enjoyment of life," and "other non-pecuniary losses," in an amount to be determined at trial. (Dkt. No. 1 at 351).

To the extent Mr. Dimitrov sought any medical treatment pertaining to any allegations in the Complaint, he has placed his medical health and history at issue, and therefore must sign, notarize, and return the Medical Release to the City. See Komatsu v. City of New York, No. 20 Civ. 10942 (VEC) (RWL), 2022 WL 1446545, at *5 (S.D.N.Y. Apr. 21, 2022) ("Defendants are entitled to obtain medical documents related to the incident pertaining to both physical injuries, which Plaintiff alleges in his complaint, and mental health records, which Plaintiff put at issue by asserting a false arrest claim."), adopted by, 2022 WL 2188170 (S.D.N.Y. June 17, 2022); Adams v. Taylor, No. 21 Civ. 6057 (EAW), 2023 WL 9791887, at *2 (W.D.N.Y. July 6, 2023) ("In cases seeking damages for physical injuries, defendants are frequently "entitled to explore whether

2

the injuries [p]laintiff claims resulted from [d]efendant's conduct[.]").  Accordingly, the Motion is **GRANTED** with respect to the City's request to compel Mr. Dimitrov to sign, notarize, and return the Medical Release.  Mr. Dimitrov is **ORDERED** to sign and notarize the Medical Release, and return it to the City pursuant to the instructions set forth in the City's December 3, 2025 letter, by **January 26, 2026.**  (Dkt. No. 31-1 at 1).

MR. DIMITROV IS WARNED THAT FAILURE TO SIGN, NOTARIZE, AND RETURN THE MEDICAL RELEASE TO THE CITY BY **JANUARY 26, 2026**, MAY RESULT IN THE UNDERSIGNED RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE.

With respect to the Signed Records Release, however, the City has not set forth any authority explaining why this Court should order the production of sealed documents pursuant to N.Y. C.P.L. §§ 160.50 and 160.55.  (See Dkt. No. 34).  The City has not even identified whether any sealed records exist "based on [Mr. Dimitrov's] allegations in the Complaint," only that "records related to the underlying incident at issue are likely sealed pursuant to N.Y. C.P.L. § 160.50."  (Dkt. No. 34 at 1) (emphasis added).  Indeed, N.Y. C.P.L. §§ 160.50 and 160.55 protect "important privacy interests, and a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy."  Crosby v. City of New York, 269 F.R.D. 267, 274–75 (S.D.N.Y. 2010).  "This Court must therefore balance the deference to be accorded state-created privileges with the need for the information sought to be protected by the privilege."  Id. at 275.

Accordingly, the Motion is **DENIED WITHOUT PREJUDICE** with respect to the City's request to compel Mr. Dimitrov to sign and return the Sealed Records Release.  On or before

**January 26, 2026**, the City shall submit a letter, not to exceed 1,050 words, setting forth why this Court should order the production of sealed documents.  On or before **February 9, 2026**, Mr. Dimitrov may file a letter in response, not to exceed 1,050 words.

Further, the City's request in the Motion to extend its deadline to respond to the Complaint is **GRANTED**.  The City's deadline to answer, move, or otherwise respond to the Complaint is **EXTENDED** up to and including **March 3, 2026**.

The Clerk of Court is respectfully directed to close Dkt. No. 34.

Dated:        New York, New York
              December 22, 2025

SO ORDERED.

SARAH L. CAVE
**United States Magistrate Judge**

4