UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALIN DIMITROV,

                                    Plaintiff,

        -v-                                                      CIVIL ACTION NO. 25 Civ. 7420 (JHR) (SLC)

                                                                **ORDER**

THE UNITED STATES OF AMERICA, et. al.,

                                    Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of Plaintiff Kalin Dimitrov's ("Plaintiff") motion for reconsideration

of the Court's Order at Dkt. No. 35 (the "Dec. 22 Order").  (Dkt. No. 36–37 (the "MTR")).  For the

reasons set forth below, the MTR is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

On December 9, 2025, Plaintiff filed a letter objecting to the request of Defendant the

City of New York (the "City") that he sign a Designation of Agent for Access to Sealed Records

Pursuant to N.Y. Criminal Procedure Law ("C.P.L.") §§ 160.50 and 160.55 (Dkt. No. 31-1 at 5 (the

"Sealed Records Release")) and an Authorization for Release of Health Information Pursuant to

HIPAA (Dkt. No. 31-5 at 6–7 (the "Medical Release," together with the Sealed Records Release,

the "Releases")) as "another instance of Defendants' efforts to interfere and influence this

action by fabricating things about [him] and on [his] behalf."  (Dkt. No. 31).  In response, on

December 19, 2025, the City filed a motion (i) to compel Plaintiff to properly execute the

Releases, and (ii) to extend the City's deadline to respond to the Complaint from January 2, 2026

to March 3, 2026.  (Dkt. No. 34 (the "MTC")).  On December 22, 2025, the Court issued the

Dec. 22 Order granting the MTC in part and denying it in part without prejudice.  (Dkt. No. 35 (the "Dec. 22 Order")).  Specifically, the Court granted the MTC with respect to the City's request to compel Plaintiff to sign, notarize, and return the Medical Release and ordered Plaintiff to sign and notarize the Medical Release and return it to the City by January 26, 2026. (See Dkt. Nos. 31-1 at 1; 35 at 2–3).  The Court denied without prejudice the City's request to compel Plaintiff to sign and return the Signed Records Release and set a briefing schedule for the parties to set forth why the Court should, or should not, order the production of sealed documents.  (Dkt. No. 35 at 3–4).  The Court also extended the City's deadline to respond to the Complaint up to and including March 3, 2026.  (Dkt. No. 35 at 4).

On December 25, 2025, Plaintiff filed the MTR.  (Dkt. Nos. 36–37).  In the MTR, Plaintiff argues that the Court should reverse the Dec. 22 Order "in order to correct clear errors, prevent manifest injustice, and present unavailable before relevant fact(s)."  (Dkt. No. 37 at 1).

## II. **DISCUSSION**

### A. **Legal Standard**

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration.  Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days "after the entry of the court's order being challenged."  Local Civ. R. 6.3.  Rule 60(b) further provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

2

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "extraordinary judicial relief" that "can be granted only upon a showing of exceptional circumstances."  Kubicek v. Westchester Cnty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).[1]  The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The "moving party bears the burden of proof."  Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within the sound discretion of the district court."  Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

**B. Application**

**1. The Medical Release**

In the Dec. 22 Order, the Court ordered Plaintiff to sign, notarize, and return to the City by January 26, 2026 the Medical Release, (see Dkt. No. 31-1 at 1), "to the extent [Plaintiff] sought any medical treatment pertaining to any allegations in the Complaint[.]"  (Dkt. No. 35 at 2–3). Plaintiff now states in the MTR that he has not received medical treatment for his injuries allegedly due to Defendants' actions.  (Dkt. No. 37 at 6).  Accordingly, given that Plaintiff is not claiming to have received medical treatment for his injuries, the Medical Release is no longer relevant to any of the parties' claims or defenses in this action.  The Court therefore **GRANTS** the

---

[1] Internal citations and quotations are omitted from case citations unless otherwise indicated.

MTR as to the portion of the Dec. 22 Order that ordered Plaintiff to sign and notarize the Medical Release and return it to the City.  The Court clarifies that Plaintiff is not required to sign, notarize, and return to the City the Medical Release.

### 2.  The Signed Records Release

In the Dec. 22 Order, the Court denied the MTC with respect to the City's request to compel Plaintiff to sign and returned the Sealed Records Release because the City had not "identified whether any sealed records exist 'based on [Plaintiff's] allegations in the Complaint,' only that 'records related to the underlying incident at issue are likely sealed pursuant to N.Y. C.P.L. § 160.50.'"  (Dkt. No. 35 at 3).  The Court then set a briefing schedule to reveal whether any sealed records even exist, and if so, why the Court should order the production of them. (Dkt. No. 35 at 3–4).

Plaintiff argues in the MTR that the Court should reverse this portion of the Dec. 22 Order because N.Y. C.P.L.R. § 160.50 "is a statute about sealing of records after termination of a criminal action or proceeding in favor of the accused" and that he has "never claimed that there were criminal charges or proceedings against him which were terminated, nor that he was arrested." (Dkt. No. 37 at 5).

Given that the parties appear to dispute whether sealed records exist, (compare Dkt. No. 34 at 1, with Dkt. No. 37 at 5), the Court **DENIES** the MTR as to the portion of the Dec. 22 Order that denied the MTC without prejudice and set a briefing schedule on whether any sealed records exist in this case, and if so, why the Court should order the production of them. (Dkt. No. 35 at 3–4).  The briefing schedule remains as follows: On or before **January 26, 2026**, the City shall submit a letter, not to exceed 1,050 words, setting forth whether any sealed

documents exist in this case, and if so, why the Court should order the production of sealed documents. On or before **February 9, 2026**, Plaintiff may file a letter in response, not to exceed 1,050 words.

### 3. The City's Request to Extend its Deadline to Respond to the Complaint

In the Dec. 22 Order, given the City's requests that Plaintiff return the Medical Release and the Sealed Records Release, both of which were outstanding, the Court granted the City's request to extend its deadline to respond to the Complaint up to and including March 3, 2026. (Dkt. No. 35 at 4). Plaintiff argues in the MTR that the Court should reverse that portion of the Dec. 22 Order because the City's "requests to Plaintiff [for the Medical Release and Signed Records Release] are irrelevant to its response to the Complaint," and that the City's failure to answer the Complaint within the already extended timeframe, (see Dkt. No. 28 at 1–2 (extending Defendants' time to respond to the Complaint due to the 2025 government shutdown)), is "deliberate." (Dkt. No. 37 at 6–7).

As stated above, (see § II.B.1, supra), the Court granted the MTR as to the portion of the Dec. 22 Order that required Plaintiff to sign and notarize the Medical Release and return it to the City. The Medical Release, therefore, is no longer outstanding and would not affect the City's ability to respond to the Complaint. The Sealed Records Release, however, remains pending. (See § II.B.2, supra). Accordingly, the resolution of the Sealed Records Release could affect the City's investigation into Plaintiff's allegations in the Complaint. The Court therefore **DENIES** the MTR as to the portion of the Dec. 22 Order that extended the City's deadline to respond to the Complaint. The City's deadline to respond to the Complaint shall remain **March 3, 2026**.

### III.CONCLUSION

For the reasons set forth above, the MTR is **GRANTED IN PART** to the extent that Plaintiff

is no longer required to sign, notarize, and return the Medical Release and otherwise **DENIED**.

The Clerk of Court is respectfully directed to close Dkt. No. 36.

Dated:        New York, New York
              January 20, 2026

                              SO ORDERED.

                              _____
                              SARAH L. CAVE
                              **United States Magistrate Judge**

6