UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALIN DIMITROV,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>                              Defendants. | 25 Civ. 7420 (JHR) (SLC)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

Plaintiff objects, pursuant to Federal Rule of Civil Procedure 72(a), to Magistrate Judge Sarah L. Cave's November 18, 2025 Order (the "Order"), ECF No. 28.  The Order "den[ied] Plaintiff's Motion to vacate" Judge Cave's November 6, 2025 Order, ECF No. 22, "in regards to stay and tolling of deadlines of non-federal government Defendants . . . and set[] deadlines for Defendants' answers."  ECF No. 29.  For the reasons set forth below, the Court finds no clear error in the Order and overrules Plaintiff's objections.

## BACKGROUND

On September 5, 2025, Plaintiff filed this action *pro se* against Defendants the United States of America, the City of New York, the Township of Teaneck, Marlene Dula, Raphael Pimienta, and two John/Jane Does for violations of various constitutional rights.[1]  ECF No. 1. On October 1, 2025, the Honorable Laura Taylor Swain issued a standing order, "in light of the lapse of funding to the United States Department of Justice," staying "civil cases . . . in which the United States Attorney's Office for the Southern District of New York ha[d] appeared as counsel of record for the United States, its agencies, and/or its employees."  *In Re: Stay of Certain Civil*

---

[1] A related case, *Dimitrov v. The United States of America et al.*, No. 23 Civ. 6451, is also pending before this Court.

*Cases Pending the Restoration of Department of Justice Funding*, No. 25 Misc. 433 (S.D.N.Y. October 1, 2025) (Standing Order).  On November 5, 2025, the Court referred this case to Judge Cave for general pretrial supervision and for a report and recommendation on dispositive motions.  ECF No. 20.  The next day, Judge Cave identified this action as subject to the Standing Order and entered notice of same on the docket, staying the case.  ECF No. 22.  At that point, none of the Defendants had responded to the Complaint.

On November 7, 2025, Plaintiff filed a letter stating that he "decline[d] Magistrate Judge Cave's jurisdiction on the Dispositive Motions (all purposes)."  ECF No. 23.  Plaintiff also moved to vacate Judge Cave's stay order insofar as it applied to the non-federal Defendants, arguing that "staying and tolling deadlines in regards to the non-federal Defendants in Plaintiff's cases [wa]s improper."  ECF Nos. 24, 25.

On November 10, 2025, the Court clarified that the case had not been referred for "all purposes" but only for general pretrial management and for a report and recommendation on dispositive motions, and that "[r]eferrals for such purposes are authorized by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72."  ECF No. 27 (citing *Pierno v. Fid. Brokerage Servs., LLC*, No. 18 Civ. 3384 (AJN), 2019 WL 233489, at *1 (S.D.N.Y. Jan. 16, 2019)).

On November 18, 2025, Judge Cave lifted the stay and set response deadlines for all Defendants.  ECF No. 28 (Order).  Judge Cave also denied Plaintiff's motion to vacate the stay as moot, "given that the[e] Order lift[ed] the stay for all of the [D]efendants."  *Id.*  Pursuant to Rule 72(a), Plaintiff filed objections to the Order on November 20, 2025.  ECF No. 29.

## LEGAL STANDARD

"An objection directed at non-dispositive matters decided by the assigned magistrate judge, such as scheduling requests or discovery orders, will not be 'modified' or 'set aside' unless the magistrate judge's ruling is 'clearly erroneous or is contrary to law.'"  *Bookends & Beginnings*

*LLC v. Amazon.com, Inc., et al.*, No. 21 Civ. 2584 (GHW) (DCF), 2021 WL 5450236, at \*1 (S.D.N.Y. November 19, 2021) (quoting Fed. R. Civ. P. 72(a)); *see Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (similar); *Soler v. United States*, No. 10 Civ. 4342 (RJH), 2010 WL 5173858, at \*2 (S.D.N.Y. Dec. 20, 2010). An order is clearly erroneous "where on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Equal Emp't Opportunity Commission v. Teamsters Local 804*, No. 04 Civ. 2409 (LTS), 2006 WL 44023, at \*1 (S.D.N.Y. Jan. 9, 2006) (cleaned up). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citing *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)); *see Kumaran v. Nat'l Futures Ass'n, LLC*, No. 20 Civ. 3668 (GHW), 2021 WL 2660441, at \*2 (S.D.N.Y. June 29, 2021) (similar). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *McFarlane v. First Unum Life Ins. Co.*, 16 Civ. 7806 (RA), 2017 WL 4564928, at \*2 (S.D.N.Y. Oct. 12, 2017) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, 14 Civ. 9792, 2016 WL 4530890, at \*1 (S.D.N.Y. Mar. 24, 2016)).

## DISCUSSION

Plaintiff objects to the Order on two grounds. First, Plaintiff argues that "lifting the stay on Plaintiff's cases d[id] not make Plaintiff's Motion m[oot] in regards to tolling of deadlines for non-federal government Defendants." ECF No. 29 at 2-3. Second, Plaintiff contends that the Order setting "new deadlines" for the non-federal government Defendants "violate[s] the due process [*sic*] by unreasonably delaying the proceedings and deliberately ignoring the ongoing pressure, intrusion, and degrading treatment of Plaintiff by Defendants." *Id.* at 4.

3

"The decision whether or not to stay [] [] a proceeding rests within a district judge's discretion." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *see M.B. v. New York City Dep't of Educ.*, No. 22 Civ. 6405 (JPC) (SN), 2023 WL 5695487, at *2 (S.D.N.Y. Apr. 20, 2023) (applying that standard to magistrate judge's denial of a stay and noting "the broad discretion afforded to judges in deciding whether to issue a stay and the denial of a stay"). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *APS Tech., Inc. v. Brant Oilfield Mgmt. & Sales, Inc.*, No. 13 Civ. 6500 (LTS) (KNF), 2014 WL 12539360, at *1 (S.D.N.Y. July 23, 2014) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[A]n extension of [a] briefing schedule is [considered] a matter of scheduling and . . . not dispositive" and therefore falls within the "broad discretion" afforded to magistrate judges. *Kumaran*, 2021 WL 2660441, at *2 (internal quotations and citations omitted); *see also Marotte v. City of New York*, No. 16 Civ. 8953 (GHW), 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017) (similar).

Here, Judge Cave exercised her sound "discretion" to stay the case with respect to all Defendants. *M.B.*, 2023 WL 5695487, at *2; *see also APS Tech.*, 2014 WL 12539360, at *1. Less than two weeks later, the stay was lifted—mooting the motion to vacate—and Judge Cave again used her discretion to reset the deadlines for all Defendants to respond to the Complaint. ECF No. 28. That Order was "well within the range of permissible decisions." *Kumaran*, 2021 WL 2660441, at *1.

As for the assertion that Judge Cave "unreasonably delay[ed] the proceedings," ECF No. 29 at 4, "[t]he court has [] considered a due process argument of [Plaintiff] and found it completely devoid of merit." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12 Misc. 00016 TPG, 2012 WL 613924, at *3 (S.D.N.Y. Feb. 24, 2012) (finding no abuse of discretion where

4

bankruptcy court extended time to serve process, thereby "effectively reviv[ing]" a "time-barred claim"); *see Bey v. Payant*, No. 05 Civ. 0599 (RMB) (RLE), 2005 WL 3046977, at *1 (S.D.N.Y. Nov. 7, 2005) (rejecting petitioner's argument that extension demonstrated "unfair favoritism to the government in violation of his due process rights," citing "discretion" of the magistrate judge). Any "prejudice suffered by Plaintiff" at this early stage would be "negligible." *Yahoo, Inc. v. Nakchan*, No. 08 Civ. 4581 (LTS) (THK), 2011 WL 666678, at *2, n. 3 (S.D.N.Y. Feb. 22, 2011) (extending time to answer where "Plaintiff ha[d] failed to demonstrate any real prejudice suffered as a result of the delay").  In any event, far from being "unreasonably delay[ed]," *Sec. Inv.*, 2012 WL 613924, at *3, this case has moved forward in recent weeks.  Defendant the City of New York has appeared, ECF No. 30, and requested an extension to pursue "signed authorizations" from Plaintiff in order to investigat[e] . . . the allegations set forth in the Complaint."  ECF No. 34.  And Defendant Township of Teaneck has moved to dismiss.  ECF No. 41.

**CONCLUSION**

For the reasons set forth above, Plaintiff's objections to Judge Cave's Order are overruled.

SO ORDERED.

Dated: January 20, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge