UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALIN G. DIMITROV,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA, THE CITY OF NEW YORK,<br>TOWNSHIP OF TEANECK, MARLENE DULA, JOHN DOE (Ap.B2),<br>RAPHAEL PIMIENTA, AS WELL AS NUMBER OF JANE AND/OR<br>JOHN DOE (DECISION-MAKERS)<br>Defendants | Civil Action<br>No.25-cv-7420<br>(JHR) (SLC) |

# <u>MEMORANDUM OF LAW</u>
## IN OPPOSITION TO DEFENDANT TOWNSHIP OF TEANECK'S MOTION TO DISMISS (ECF No.41)

# TABLE OF CONTENTS

A. Preliminary statement …………………………………………....……………………………1

B. Brief factual history …………………………………………………………..……………1

C. Argument ……………………………………………………………………...……………1

    1. Plaintiff's claims are reasonable, and clearly based on facts and law. ………………2

    (a) Complaint presents facts which are established by authority(s), based on objective evidence, or on Plaintiff's personal knowledge. ………………..……………3

    (b) Plaintiff's statements are supported by objective evidence. ………..………………3

    (c) Complaint is apparently rational. …………………………………………………4

    (d) Despite the above Defendant wrongfully stated that Plaintiff's claims are irrational, unsupported, and not grounded in reality. ………………………………4

        (i) Plaintiff's claims for multi-agency conspiracy(s) are neither incredible, irrational, nor unsupported. …………………………………………….………5

        (ii) Plaintiff's claims about Defendants' directed-energy attacks are neither incredible, irrational, nor unsupported. ……………………………………6

        (iii) Teaneck invented allegation for "coordinated stalking across jurisdictions", and claimed that it is incredible and irrational. ………………………...………6

        (iv) Plaintiff's claims about high-school students' participation are neither preposterous, speculative, nor "a bare assertion". …………………..…………7

        (v) Defendant falsely claims that "complaint [] does not allege a single concrete fact showing how these agencies could coordinate such conduct, nor does it provide any explanation grounded in reality" (ECF No.42, p.9). ………………7

        (vi) Defendant misrepresents the Report as binding determination knowing that it is not a final judgment. …………………………………………………………7

    2. All claims in the Complaint have arguable basis in law, and each of the claims can provide relief. …………………………………………………………………………7

    (a) Defendant didn't move to dismiss the claims under 42 U.S.C. §1985, §1986, and torts under NJTCA. …………………………………………………………………8

    (b) Each of Complaint's legal claims is plausible and can provide relief. ……..……8

        (i) Defendant's liability for Plaintiff's harms. ………………………………9

        (ii) Defendant misrepresented or fabricated "constitutional" claims on behalf of Plaintiff. …………………………………………………………...………10

        (iii) Plaintiff's claims about Defendants' surveillance, and harassment are plausible and supported. ………………………………………………………10

        (iv) Plaintiff pleaded injury traceable to Teaneck. …………………..………11

        (v) Despite acknowledging Plaintiff's claims under 42 U.S.C. §1981 Defendant made no argument against them. …………………………………………..…11

    (c) Facts in the Complaint established Plaintiff's right to relief. ………..……………11

        (i) Motion disproves its own claims about Complaint. ………………...………11

(ii) Complaint's facts demonstrate that Defendant assertion for lack of "concrete facts demonstrating ... coordinated harassment, surveillance, or misconduct" ECF No.42, p.10 is false. ....................................................................................12

(iii) Defendant falsely asserted that Complaint "provides [] no factual allegations establishing that any named defendant participated in, authorized, or even knew of these conversations." Motion, p.10. ......................................12

(d) Defendant improperly brings factual contentions in Rule 12(b)(6) motion to dismiss. .......................................................................................................13

(i) Defendant didn't provide any fact in support to its claim that Plaintiff provided "paraphrased quotations taken out of context" ECF No.42, p.10 ......13

(ii) Defendant falsely claims that "Complaint, almost in its entirety, rests on speculation". ECF No.42, p.10. ..............................................................14

(iii) Defendant's false claims about the "Raid Rehearsal" Motion, Point V.4... 14

(iv) As shown above Defendant does not address the Complaint as it is. ...........15

3. Complaint is in accord with Rule 8. ...........................................................15

(a) Proper length of a complaint depends on complexity and nature of claims, and number of defendants. ..................................................................................15

(b) "[D]ismissal for noncompliance with Rule 8 without leave to amend [is] abuse of discretion." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) .................16

(c) Complaint claims are plain and clear. ........................................................16

(d) Complaint gave a fair notice to Teaneck. ...................................................17

(i) Defendant falsely claimed that "municipal defendants [] are not alleged to have participated in the aforementioned conduct. Plaintiff relies almost exclusively on accusations against "Defendants" as a group, without identifying which individual allegedly engaged in which conduct." ECF No.42, p.12 ......17

4. Although related as facts and raising common questions of law, this action is not identical – it is about the harms from Defendants' conduct since the initiation of Dimitrov I on 7/25/2023, while Dimitrov I is about their conduct till then. .........................17

D. Conclusion ............................................................................................. 19

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U. S. 662 (2009) .............................................. 8, 13, 15

*Atuahene v. City of Hartford*, 10 Fed. Appx. 33 (2d Cir. 2001) Summary Order .........2, 16, 17

*Bullock, v. Borough of Roselle*, Civ. No. 17-13208 (KM) (D.N.J., Aug. 31, 2018) ..........8, 11

*Conley v. Gibson*, 355 U.S. 41 (1957) .........................................................1

*Denton v. Hernandez*, 504 U.S. 25 (1992) ...................................................................2

*Etter et al. v. Bibby et al.*, 10–CV–00557–JLK (D.C.Col.) ..............................................3

*Fhillps v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ....................................11

*Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019) ...........................................15, 16

*John L. Peterec-Tolino v. Ace American Insurance Co.*, 20-CV-5354 (LLS), 2020 WL
5211045 (S.D.N.Y., 8/28/2020) ....................................................................................2

*Keitel v. D'Agostino*, No. 21-CV-8537 (JMF), 2022 U.S. Dist. LEXIS 196091
(S.D.N.Y. Oct. 27, 2022) ...........................................................................................16

*Livingston v. Adirondack Beverage Company*, No. 1091, Docket 96-9301 (2d Cir., 1998)
........................................................................................................................................2

*Mendoza v. Amalgamated Transit Union Intern.*, 30 F. 4th 879 (9th Cir., 4/7/2022) ...........18

*Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990) ...........................................................2

*Nieves-Hall v. City of Newark*, No. 19-9755-KM-MAH (D.N.J. Sept. 26, 2019) .................9

*Oliver v. Penny*, No. 21-111-cv. (2d Cir. 6/16/2022) Summary Order ........................2, 18

*Ruggiero v. City of Cortland,* No. 5:17-CV-790 (N.D.N.Y. Nov. 14, 2018) .........................8

*Sacerdote v. N.Y. Univ. Sch. of Med.*, No. 17-cv-8834 (KBF) (S.D.N.Y. Feb. 23, 2018) ......18

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ...................................................16

*Swain v. Town of Wappinger*, No. 17 Civ. 5420 (JCM) (S.D.N.Y. July 9, 2019) .................9

*Taverna v. Palmer Township, et al.*, 5:20-cv-0812-JDW (E.D.Penn. 9/16/2020) ...........15, 17

*Vega v. Hempstead Union Free School Dist.*, 14-2265-cv, 801 F. 3d 72 (2d Cir. 2015)..........7

*United States of America v. Masiello et al,* 235 F.2d 279 (2d Cir., 1956) .........................15

*U.S. v. Salameh*, Nos. 94-1312 to 94-1315. 152 F.3d 88 (2d Cir. 1998) ...........................15

*White v. McKinley*, Nos. 07-1002, 07-1166. 519 F.3d 806 (8th Cir. 2008) .......................15

**Other authorities**

*Georgia Code Title 24. Evidence § 24-14-8* ...................................................................3

*New York Pattern Jury Instructions,* 4.02 .................................................................3, 11

Local Civil Rule 6.1(b) ................................................................................................1

Rule 6 of Fed. Rules of Civil Procedure (FRCP) ............................................................1

*Domestic Federal Law Enforcement Coordination: Through the Lens of the Southwest
Border*, Bjelopera, Finklea, Congressional Research Service, R43583, June 3, 2014 ..............5

*Reference Manual on Scientific Evidence: Third Edition.* National Research Council 2011.
Washington, DC: The National Academies Press. ............................................................4

*Strengthening Forensic Science in the United States: A Path Forward*. National Research
Council. 2009. Washington, DC: The National Academies Press. .......................................4

I, Kalin Dimitrov, the Plaintiff in this action proceeding pro se, respectfully submit this Memorandum of Law in opposition to Defendant Township of Teaneck ('Defendant' or 'Teaneck') Motion to Dismiss filed on 1/7/2026 (ECF No. 41-42) ("Motion").

# A. Preliminary statement

The Motion is a proof at hand for Plaintiff's claims: Defendant ridicules Plaintiff, disregards his Complaint as it is, but misinterprets its claims, or makes its own false claims and arguments. Plaintiff reserves the right to bring a motion for sanctions.

# B. Brief factual history

In his litigation against Defendants initiated in 2023 *Dimitrov v. The United States of America et al.*, 23-cv-6451 (S.D.N.Y. 7/25/2023) ("*Dimitrov I*") Plaintiff filed timely Objections to Magistrate Judge Cave's Report and Recommendation on 8/28/23 (Id., ECF No.8) (Exhibit 1). The Court's decision is still pending.

More than two years later, on 9/5/2025 Plaintiff started this action to search relief for the harms from Defendants' conduct since the initiation of *Dimitrov I*.

Defendant filed the Motion on 1/7/2026 (five days after the deadline to respond to Complaint – see ECF No.28). As discussed herein Motion is erroneous, misrepresents the Complaint, raises improper factual contentions, and, among other things, presents false claims and arguments.

# C. Argument

Among many errors Defendant set response date for the Motion to be 1/20/2026 – 13 instead of 14 days (see Local Civil Rule 6.1(b), and Rule 6 of Fed. Rules of Civil Procedure (FRCP)); referred to obsolete pleading standards (*Conley v. Gibson*, 355 U.S. 41 (1957)); didn't indicate

that quoted *Oliver v. Penny* and *Atuahene v. City of Hartford*, 10 Fed. Appx. 33 (2d Cir. 2001) are

Summary Orders, nor sent a copy to Plaintiff.

Motion falsely claims that Complaint is about Defendants' conduct since 2012; misrepresents

Plaintiff's argument about the interference with the Court and its proceeding (ECF No.1 at 2091

*et seq.*) by inventing a claim about the Court-as-co-conspirator (ECF No.42, p.9); improperly

relies on the Report and Recommendation from *Dimitrov I (Id.,* ECF No.7) (Report) treating it as

binding factual determination, although it is not a final judgment.

The Motion is apparently wrong claiming that Plaintiff's claims are not possible or not

"corroborated", implying erroneously that at this stage more than factual allegations is required,

and is trying improperly to resolve factual questions and address the merits.

Bellow Plaintiff will respond and address in detail Motion's main points.

# 1. Plaintiff's claims are reasonable, and clearly based on facts and law.

"An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such
as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an
indisputably meritless legal theory.' " *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990) (per
curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338
(1989)).[] A claim is based on an "indisputably meritless legal theory" when either the claim
lacks an arguable basis in law, *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir.1990) (per curiam),
or a dispositive defense clearly exists on the face of the complaint. See *Pino v. Ryan*, 49 F.3d 51,
53 (2d Cir.1995)." *Livingston v. Adirondack Beverage Company*, No. 1091, Docket 96-9301 (2d
Cir., 1998) "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the
level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts
available to contradict them. [A] complaint may not be dismissed, however, simply because the
court finds the Plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25 (1992)
"The Court is obliged to []construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72
(2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v.
Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations
omitted) (emphasis in original)." *John L. Peterec-Tolino v. Ace American Insurance Co*., 20-CV-
5354 (LLS), 2020 WL 5211045 (S.D.N.Y., 8/28/2020)

Complaint is neither frivolous as facts, nor as law. Complaint's facts are either as Plaintiff

personally witnessed or are established by different authorities, and are supported by objective

evidence. All claims in the Complaint have arguable basis in law, and each of the claims can provide relief (see argument at C.2).

## (a) Complaint presents facts which are established by authority(s), based on objective evidence, or on Plaintiff's personal knowledge.

In addition to facts integrated into arguments and footnotes, Complaint includes 2270 single-line paragraphs (from 2939 in total) with facts-in-support based on Plaintiff's log of relevant events, transcripts, GQ and SLM logs, or authorities.

It is well-established that testimony of a single credible witness can be sufficient to prove a fact, regardless of the number of witnesses testifying to the contrary. See for example *Etter et al. v. Bibby et al.*, 10–CV–00557–JLK (D.C.Col.) Jury instructions, No.1.15; *Georgia Code Title 24. Evidence § 24-14-8*; or *New York Pattern Jury Instructions,* 4.02(1) (as on nycourts.gov on 1/7/2026). See also PJI 1:70.

## (b) Plaintiff's statements are supported by objective evidence.

Plaintiff has been documenting relevant events since 2012, and stated that multiple times in the Complaint. See for example ECF No.1 at 1777-90, and at 15; 56; 59 ("Now (recording) police."); 141; 145 ("Plaintiff stared Tascam DR07 they commented "Right now recording.."""); 154; 157; 162 ("Recording? Hope he got high quality." When [police officers] were leaving "We didn't stop."); 221 ("USPS [and] woman on speaker "Kalin…" ... Plaintiff started Olympus she responded "Kalin [] recording. But can you use it?"""); and more. Plaintiff also stated that he quotes transcripts – see for example Id. at 301-2, 337-38, 341, and more.

Some exhibits at *Dimitrov I* are examples of other types of evidence in support (Id., ECF Nos.8-3 till 8-7).

### (c) Complaint is apparently rational.

"The scientific method presumes that events occur in consistent patterns that can be understood through careful comparison and systematic study. Knowledge is produced through a series of steps during which data are accumulated methodically, strengths and weaknesses of information are assessed, and knowledge about causal relationships is inferred. … Ultimately, the goal is to construct explanations ("theories") of phenomena that are consistent with broad scientific principles". National Research Council. 2009. *Strengthening Forensic Science in the United States: A Path Forward*. Washington, DC: The National Academies Press.
"Causation is the task of attributing cause and effect, a normal everyday cognitive function that ordinarily takes little or no effort. Fundamentally, the task is an inferential process of weighing evidence and using judgment to conclude whether or not an effect is the result of some stimulus." National Research Council 2011. *Reference Manual on Scientific Evidence: Third Edition.* Washington, DC: The National Academies Press.

Complaint identifies consistent patterns and causation of Defendants' conduct based on relevant information, and even its Table of content (Exhibit 2) shows clearly its reasoning.

For example in support to argument for Defendants' many-years-long campaign to stop Plaintiff and his petitions Complaint provides 353 single-line-paragraphs (§§1323-1676) with instances when Defendants literally said "stop" in regards to him, and shows clear pattern of intentional conduct by many, some of them officers, students in Teaneck public schools, named Defendants in ap.B2, and/or other. That in combination with the Defendants' efforts to prevent Plaintiff from obtaining legal and expert counsel, not responding nor investigating his complaints, or minimizing his complaints, retaliating, and more, is the base for Plaintiff's claim for violations of his First Amendment rights.

### (d) Despite the above Defendant wrongfully stated that Plaintiff's claims are irrational, unsupported, and not grounded in reality.

Defendant made multiple apparently wrong statements as for example about lack of evidence in support to Plaintiff's claims, that they are "irrational and … detached from any conceivable logical basis", and falsely implied Report is a binding judgment in that regard  (ECF No.42, p.9). A few specific points are addressed bellow.

### *(i) Plaintiff's claims for multi-agency conspiracy(s) are neither incredible, irrational, nor unsupported.*

Multi-agency task forces and programs organizing communities and government to address crime, gangs, and terrorism are publicly known reality. See documents from the White House, Congress, FBI, and more.

> See ECF No.1 at n.2, n.5, and at 2110 (broken footnote link led to "*Domestic Federal Law Enforcement Coordination: Through the Lens of the Southwest Border*, Bjelopera, Finklea, Congressional Research Service, R43583, June 3, 2014 ("Federally led law enforcement task forces and intelligence information sharing centers are ubiquitous in domestic policing. They are launched at the local, state, and national levels and respond to a variety of challenges....")).

Those concerted actions sometimes harm innocent – policy to err on the side of safety in regards to "threats", and acceptance of harming innocent is also public (see ECF No.1 at 276-77, 306, 768, 1061 and n.54). Furthermore, the abuses of process of detection and enforcement by government officials are not something new (see for example entrapment defense), and the easiness to entrap an innocent person is known. See Id. at 880.

Complaint presented relevant facts and arguments for Defendants' conspiracy(s) at different parts of (for example at 573 *et seq*, Counts 6-8, and 14). The facts are sufficient to reasonably infer conspiracy with participation of multiple agencies and parties. Apart from participation, the support of the harmful activities by law-enforcement agencies (Teaneck police, FBI, and others) is shown by their refusal to interfere with the violations of Plaintiff's rights[1], and not investigating them under several criminal statutes (ECF No.1 at 1069 *et seq.*).

Without any support Motion argued that the case should be dismissed because courts routinely dismissed multi-agencies conspiracies, and that clearly is not based on facts of the case.

---

[1] Outside of the Eleventh Circuit, other courts have held that Section 1985 can be pleaded against federal officers. And that consequently applies to §1986.

***(ii) Plaintiff's claims about Defendants' directed-energy attacks are neither incredible, irrational, nor unsupported.***

The facts in Complaint are sufficient to reasonably infer that he is subject of "directed energy" (DE) attacks by Defendants (see ECF No.1 at 2260, and whole argument at IV.11.B). Since 2017 when Plaintiff contacted multiple lawyers he regularly experiences range of physical and psychological harms (pain, unpleasant tingling, involuntary muscle fibers' contractions, small burns, swellings, hive, and more) caused from external sources and consistent with the known DE effects. He regularly detects focused EF, EMF beams in his apartment, and significant electric charges at the locations with pain and/or other harms on his body. Rarely but notably Defendants explicitly talked about "hot ray", or using "beams" in regards to Plaintiff.

Motion did not address any DE-related claims in the Complaint, but argued that "Such allegations are not merely unsupported by evidence; they are detached from any conceivable logical basis that would allow a court to infer a reasonable entitlement to relief." (p.9), and the case should be dismissed because courts routinely dismissed such allegations.

As shown above Plaintiff's claims about Defendants DE attacks are rational, supported by objective evidence, and are in accord to relevant scientific and other authorities in public domain.

***(iii) Teaneck invented allegation for "coordinated stalking across jurisdictions", and claimed that it is incredible and irrational.***

Plaintiff has never made a claim for stalking, but even if he did, it is neither incredible nor irrational – see for example the federal law about stalking.

To the extend Motion referred to Plaintiff's claims about Defendants' surveillance, he alleged concrete facts from which inference of surveillance is reasonable. See for example ECF No.1 at 1093-1142, 91-92, 141-145, 348-368, 615, 1308, 1740.

### *(iv) Plaintiff's claims about high-school students' participation are neither preposterous, speculative, nor "a bare assertion".*

Facts in the Complaint allow reasonable inference that municipal actors use third parties, including school-affiliated students in the adverse actions against Plaintiff. Defendant's argument is not based on facts-in-case, but on denigration.

Motion did not address relevant case-facts which show implicitly or explicitly that Defendants are in contact with and direct students' actions (ECF No.1 at 87, 127-128, 133-134, 142-144, 154, 163, 167, and more). Motion also ignores the participation of Teaneck Public Schools staff, Teaneck Board of education, or Teaneck Youth Advisory Board (Id. at 37, 79. 82, 150), and the failure of responsible authorities to intervene despite Plaintiff's notices and reports.

Because of the above Defendant's argument that Plaintiff's claims are speculative and "bare assertion of conspiracy" is apparently wrong.

### *(v) Defendant falsely claims that "complaint [] does not allege a single concrete fact showing how these agencies could coordinate such conduct, nor does it provide any explanation grounded in reality" (ECF No.42, p.9).*

C.1(d)(i), and (iii)-(iv) above demonstrate that this claims are apparently wrong.

### *(vi) Defendant misrepresents the Report as binding determination knowing that it is not a final judgment.*

"There is no plausible basis to resurrect claims already determined to be wholly incredible by the Magistrate Judge." ECF No. 42 at p.9. But later: "Once the District Judge adopts the R&R..." Id., p.13.

## 2. All claims in the Complaint have arguable basis in law, and each of the claims can provide relief.

"[A]t the initial stage of a litigation, the Plaintiff's burden is "minimal" -- he need only plausibly allege facts that provide "at least minimal support for the [claim]." " *Vega v. Hempstead Union Free School Dist.*, 14-2265-cv, 801 F. 3d 72 (2d Cir. 2015) (quoting Littlejohn) "... the pleading standard Rule 8 announces does not require "detailed factual allegations," but... a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

> plausible on its face." Id., at 570." *Ashcroft v. Iqbal*, 556 U. S. 662 (2009) "Twombly .. made it clear... that a court must take the allegations as true, no matter how skeptical the court may be. See 550 U. S., at 555 (a court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); id., at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable"); see also Neitzke v. Williams, 490 U. S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"). The sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know it". *Ashcroft v. Iqbal*, 556 U. S. 662 (2009) Souter, J., dissenting
>
> "Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005)." *Bullock, v. Borough of Roselle*, Civ. No. 17-13208 (KM) (D.N.J., Aug. 31, 2018)
>
> ""To survive a Rule 12(b)(6) motion to dismiss, the `[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Ginsburg, 839 F. Supp. 2d at 540 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007))." *Ruggiero v. City of Cortland,* No. 5:17-CV-790 (N.D.N.Y. No. 14, 2018)

Plaintiff raised claims against Teaneck for violations of First, Fourth, Fifth, and Fourteenth Amendments of the Constitution, 42 U.S.C. §1983, §1981A(A)(1), §1985, §1986, and under NJTCA (incorporating *Dimitrov I*) claims for assault, battery, nuisance, trespass, conspiracy, infliction of emotional distress, tortuous interference, defamation (Counts 1-8, 10-17).

**(a) Defendant didn't move to dismiss the claims under 42 U.S.C. §1985, §1986, and torts under NJTCA.**

Defendant moved to dismiss "Counts Asserted Against Teaneck" referring only to claims under 42 U.S.C. §1981, §1983, First, Fourth, Fifth, and Fourteenth Amendments, wrongly asserted claims under "New Jersey constitutional law", and claimed "none of these allegations meet the pleading requirements for a plausible claim against a municipal defendant." ECF No.42 at p.8.'

**(b) Each of Complaint's legal claims is plausible and can provide relief.**

As demonstration that Complaint asserts infringement of long-time-established legal interests – all of its legal grounds were litigated many times before Plaintiff's actions.

Opposite to its own claims that Complaint has "no cognizable legal theory" Motion stated that Complaint "articulate[d] causes of action [at] the final pages", and clearly identified a few of them (see above).

Furthermore, Motion's claim that "Complaint[] fail to articulate causes of action until the final pages". ECF No.42, p.10 is apparently wrong – Complaint's Table of content (Exhibit 2) alone proves that. Complaint sections' names directly or indirectly state the causes of actions, as for example at ECF No.1, IV.7 –  discriminatory animus and retaliation to his petitions (related to First, Fifth and Fourteenth Amendments, §1983, §§1985-86); IV.8 – selective treatment motivated by discriminatory and/or retaliatory animus, and malice (Fifth / Fourteenth Amendments Equal protection claims, Retaliation, §1981, §1983); IV.9 – right to petition the government (First / Fourteenth Amendments, retaliation, §1983, conspiracy); IV.10 – preventing Plaintiff from attending and/or having fair hearing (Fifth / Fourteenth Amendment right of due process, §1981, §1983, §§1985-86, assault and battery, conspiracy); IV.11 –  systematic infliction of physical and mental pain and suffering (related to Fifth / Fourteenth Amendment right of due process, §1983, FTCA, NJTCA, assault and battery, emotional distress, conspiracy); IV.12 – deliberately and systematically attack Plaintiff's reputation and identity (FTCA, NJTCA, defamation, infliction of emotional distress); and more.

### *(i) Defendant's liability for Plaintiff's harms.*

"""Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 563 U.S. at 61." *Swain v. Town of Wappinger*, No. 17 Civ. 5420 (JCM) (S.D.N.Y. July 9, 2019). "Allegations of "continued official tolerance of repeated misconduct" and that the municipality has done nothing to end or change the practice, supports a finding of a custom attributable to the municipality. Id. At 851-52." *Nieves-Hall v. City of Newark*, No. 19-9755-KM-MAH (D.N.J. Sept. 26, 2019)

Teaneck's practices toward Plaintiff are consistently adverse: it overtly participates in the activities against Plaintiff since 2013 (see for example Id. at 58-59, 2152, 2630), tolerates

misconduct against Plaintiff (for example didn't investigate his reports (Id.,IV.3(a)-(b)), ignored

evidence, didn't respond (Id. at 56), didn't stop the harassment (see C.2(c)(iii) for Defendant's

knowledge), explicitly stated Plaintiff's 'special treatment' (ECF No.1 at 55), its employees have

made explicit discriminatory remarks about Plaintiff (for example uniform police officers or

firefighters: 'fagot', 'freak', 'Sodom', 'Bulgarian' and more – see for example Id. at 644, 680,

1045), explicitly stated their intention to stop and punish Plaintiff (see for example Id. at 1513,

1625), and more.

   All that in total shows the existence of Teaneck policy / custom in regards to Plaintiff (ECF

No.1 at 17) which subjects him to selective treatment at least in part because of discriminatory

animus and/or retaliation to his legal activities, interferes or thwarts his petitions to government,

and harms him in other ways.

### *(ii) Defendant misrepresented or fabricated "constitutional" claims on behalf of Plaintiff.*

   Such as a "constitutional right to a police investigation or a particular outcome of such an
   investigation… The failure of police to investigate, follow up on, or act upon citizen
   complaints does not itself violate the Constitution. … Nor does the failure to provide records
   or information about an investigation..." ECF No.42, Point V.2, p.15.
   "Section 1983 does not constitutionalize all unpleasant or offensive conduct by government
   actors". Id., Point V.3, p.16

Nowhere Complaint asserted such "constitutional" rights. Complaint's constitutional grounds

are given at Counts 1-4. Motion's arguments in Point V.2-3 and V.5 are irrelevant.

### *(iii) Plaintiff's claims about Defendants' surveillance, and harassment are plausible and supported.*

See C.1(d)(iii), C.2(c)(ii), ECF No.1, IV.11.C, and more.

### *(iv) Plaintiff pleaded injury traceable to Teaneck.*

Defendant argued the opposite – that there is no injury traceable to Teaneck (ECF No.42,

p.18) despite mentioning multiple specific actions by Teaneck police, and that "Plaintiff provides

dates and time [and] quotations" (see Id., p.7, 10, and at Point V.2-3, p. 14-16).

In addition to Motion disproving its own claims, Complaint provided many facts about participation of Teaneck police officers, other local government officers, Municipality Boards, Teaneck public schools and their students, in support to its legal claims. See also above C.2(b)(i).

### (v) Despite acknowledging Plaintiff's claims under 42 U.S.C. §1981 Defendant made no argument against them.

## (c) Facts in the Complaint established Plaintiff's right to relief.

Plaintiff presented enough facts granting him relief. Complaint's factual matter consists of Plaintiff's personal knowledge supported by objective evidence (see C.1(a)-(b)), or facts established by authorities. Inferences[2] are reasonable and based on evidence. See C.1(c).

It is well established that as weight reasonable inferences are equal to direct evidence. See *New York Pattern Jury Instructions,* 4.02(2)-(3) (as on nycourts.gov on 1/7/2026); PJI 1:70; *Fhillps v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (as quoted in *Bullock, v. Borough of Roselle*, Civ. No. 17-13208 (KM) (D.N.J., Aug. 31, 2018)).

### (i) Motion disproves its own claims about Complaint.

"Complaint consists almost entirely of conclusory assertions, speculation, and inferences detached from any factual basis. Plaintiff repeatedly asserts that he is the target of coordinated harassment, surveillance, or misconduct, but offers no concrete facts demonstrating how any defendant engaged in such conduct." ECF No.42, p.10.

Opposite to those claims Motion asserted at other places concrete factual allegations on behalf of Plaintiff about its surveillance ('police followed him on foot and in vehicles' Id., p.7), harassment (talked "loudly.. "threw rocks at him"" Id.), failure to investigate and other misconduct ("not assign a detective, failed to retain [his] statements or audio recordings, or produced "misleading" written reports"" Id., p.14-15), and acknowledged that "Plaintiff provides

---

2    Inference is "a conclusion reached on the basis of evidence and reasoning". *New Oxford American Dictionary*, 3d Ed. 2010.

dates and times, ... quotations" Id. p.10 and "cites a handful of dates" Id., p.16. That alone shows Defendant's argument in Point II is wrong.

### *(ii) Complaint's facts demonstrate that Defendant assertion for lack of "concrete facts demonstrating ... coordinated harassment, surveillance, or misconduct" ECF No.42, p.10 is false.*

Plaintiff's argument about harassment is in ECF No.1 at 2389 et seq. but relevant facts are in many other places. Relevant Defendants' statements are, for example, at Id., at 2392, and 2399-2509 listing 110 different occasions when Defendants explicitly talked about harassment in regards to Plaintiff. Some of those show the coordination between multiple participants, in a few of them they explicitly stated that they target Plaintiff (used his name "Kalin", ethnicity and national origin "Bulgarian"). Some of those events show how verbal statements for harassment are linked to the noise harassment of Plaintiff (see for example 2448, 2474, or 2489), or to DE attacks on him (see for example 2480, 2506). Defendants' campaign to "stop" Plaintiff in retaliation to his work on legal cases is outlined at 1307 et seq.. The high frequency of Defendants' use of terms such as "harass" and "stop" in regards to Plaintiff is by itself proof of shared common goals in regards to him.

In regards to coordinated surveillance on Plaintiff see C.1(d)(iii), and examples of him being followed on the streets at Id. at 134, 430, 715, or 2684.

### *(iii) Defendant falsely asserted that Complaint "provides [] no factual allegations establishing that any named defendant participated in, authorized, or even knew of these conversations." Motion, p.10.*

First, Motion misrepresented the Complaint as "largely composed of Plaintiff's subjective interpretations of conversations he claims to have overheard spanning over a decade, often involving complete strangers." Id., p.10. As shown above at (i) Defendant knows that there is a

lot more than allegations for conversations. The Complaint's Table of content alone demonstrates that this is obviously wrong (Exhibit 2).

Defendant knows about the violations on the Constitution and law because Plaintiff filed Notice of claims with Teaneck on 11/11/2022, and sent Request for waiver of service with copy of *Dimitrov I* Complaint on 7/31/2023. Furthermore years before that Plaintiff provided audio records to Teaneck police on 9/7/2012 (ECF No.1 at 50), and more. Defendant misrepresents its deliberate blindness as a proof that Plaintiff did not make the facts known. Similarly the Motion ignored entirely (not a single mention) relevant facts in regards to the Township Manager, the Clerk, Board of Education, Teaneck firefighters, and more. See Complaint at 36-41, 44-45, 48, 56, 79, 82.

Finally, in regard to the "specific misconduct by identifiable defendants" (Motion, p.11) Complaint provides many relevant facts. For example facts about participation of <u>uniformed</u> Teaneck police officers in activities against Plaintiff. See for example Id. at 2152, 2609,  1036, 731, 754, 1045.

## (d) Defendant improperly brings factual contentions in Rule 12(b)(6) motion to dismiss.

"Evaluating the sufficiency of a complaint is not a "fact-based" question of law...When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U. S. 662 (2009)

### *(i) Defendant didn't provide any fact in support to its claim that Plaintiff provided "paraphrased quotations taken out of context" ECF No.42, p.10*

This is improper factual contention. Furthermore Defendant failed to give any fact in support for that claim, regardless whether Motion referred in that statement to authorities quoted in the Complaint (they are publicly available), or meant Plaintiff's factual statements about events he witnessed himself (that implies that Defendant has knowledge of what precisely transpired).

### (ii) Defendant falsely claims that "Complaint, almost in its entirety, rests on speculation". ECF No.42, p.10.

If Defendant understands speculation as 'without evidence' – that is apparently wrong (see above C.1 and 2). If it means that Plaintiff didn't present for example full conversations – his purpose in a few occasions was to illustrate the frequency Defendants talked, for example, about harassment in his regard (see above C.2(c)(ii)) which shows many-years-long considerations and intentions by many persons (some of them officers) in regards to him, and in combination with other facts is argument for the systemic harassment based on discriminatory animus and retaliation to Plaintiff. Furthermore, that conduct in general is not based on personal reasons (Plaintiff is not a public person, nor he knows majority of participants).

Defendant raises improper factual contention about those "conversations". Conversations address Plaintiff (even if that is not explicitly stated) mentioning one-or-more of the following: his name, ethnicity / national-origin (Bulgarian), previous employers, keywords, including words and phrases in Bulgarian, and more. See ECF No.1 at 2390 et seq., and at 130, 368, 394, 576 et seq., 765, 770, 1098 et seq., and more.

### (iii) Defendant's false claims about the "Raid Rehearsal" Motion, Point V.4.

Defendant's argument is improper and false factual contention. Plaintiff has never alleged that Teaneck police participated in the events on 9/6/2012 (see ECF No.1 at 300, and *Dimitrov I*, ECF No.1 at 24). Furthermore, raids are insignificant part of the conduct Plaintiff complained about: Complaint didn't mention "Raid Rehearsal" at all, and mentions "raid" 3 times, one of which was in headline of an article.

Motion referred again to Report as if it is a binding factual finding, and provided a long and irrelevant quote. In that regard see Plaintiff's Objections (Exhibit 1).

### *(iv) As shown above Defendant does not address the Complaint as it is.*

Motion misrepresents the Complaint by "mak[ing] the mistake of isolating" facts instead of viewing "all the evidence []as a mosaic, each bit making its own contribution" (*United States of America v. Masiello et al,* 235 F.2d 279 (2d Cir., 1956); or invented things on behalf of Plaintiff. That is especially wrong in regards to Plaintiff's conspiracy claims "because conspiracies are secretive operation[s]" *U.S. v. Salameh*, Nos. 94-1312 to 94-1315. 152 F.3d 88 (2d Cir. 1998) (citation and quotation marks omitted); and "the elements ... are rarely established through means other than circumstantial evidence". *White v. McKinley*, Nos. 07-1002, 07-1166. 519 F.3d 806 (8th Cir. 2008)

## 3. Complaint is in accord with Rule 8.

"Rule 8 imposes "minimal burdens on the plaintiff at the pleading stage." Frazier, 785 F.2d at 67… "plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)." *Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019)

## (a) Proper length of a complaint depends on complexity and nature of claims, and number of defendants.

"Sweda v. Univ. of Pa., 923 F.3d 320, 326 (3d Cir. 2019) (Rule 8 "operate[s] with contextual specificity."). Certainly, there can be no single "proper length" for stating a particular claim. The level of factual detail will vary with the complexity of the claim asserted. Moore, supra, § 8.04[1] [d]." *Garrett v. Wexford Health*, No. 17-3480, 938 F.3d 69 (3d Cir. 2019)

"...in the context of a multi-party, multi-claim pleading "the entire pleading may prove to be long and complicated by virtue of the number of parties and claims." Id. (same)." *Taverna v. Palmer Township, et al.*, 5:20-cv-0812-JDW (E.D.Penn. 9/16/2020)

The Defendants in this action, complexity of the claims, the nature and duration of conduct make Complaint's length tolerable. As conspiracies, and undercover operations are secretive by design Plaintiff's argument is mostly construed as mosaic from large amount of circumstantial evidence (see C.2(d)(iv)).

Furthermore Complaint presented factual material and authorities in support styled as single-lined text in addition to the facts within argument. That content amounts to 173 pages or 2270 paragraphs – most of the paragraphs of the Complaint. As illustration Plaintiff prepared a version of the Complaint (Exhibit 3) in which that material in support (single-lined texts), and similar-content footnotes are deleted. With everything else the same Complaint is 178 pages long with 669 paragraphs (before the deletion Complaint was 351 pages long with 2939 paragraphs).

**(b) "[D]ismissal for noncompliance with Rule 8 without leave to amend [is] abuse of discretion."** *Salahuddin v. Cuomo***, 861 F.2d 40, 42 (2d Cir. 1988)**

"...a district court abuses its discretion when a pro se complaint is dismissed "merely because it contains repetitious and irrelevant matter"". *Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019) (quoting *Ruby Foods*, 269 F.3d at 820)

In *Salahuddin* 2d Circuit reversed the dismissal, in *Keitel*[3] and *Atuahene* (the other cases Teaneck brought in support) Plaintiffs were given the opportunity and each filed two amended complaints. All that shows that even if Complaint is prolix – dismissal without option to amend is abuse of discretion.

**(c) Complaint claims are plain and clear.**

"...even if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be "plain" if it presents cognizable legal claims to which a defendant can respond on the merits. Alston, 363 F.3d at 234". *Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019)

Teaneck misrepresented the Complaint as "unfocused and repetitive, and laden with... irrelevant "evidence."… excessively long, disorganized, unintelligible, and impossible to answer." ECF No.42, p.11-12.

Complaint's Table of content (Exhibit 2) alone shows its clear structure, organization of the Complaint, and clarity of the claims. See the arguments above in C.1 and 2.

---

3    See Exhibit 4 – Keitel's Second Amended Complaint for comparison to the Complaint in this action.

**(d) Complaint gave a fair notice to Teaneck.**

   "Fed.R.Civ.P. 8 [] requires, at a minimum, that a complaint give each defendant "fair notice of what the plaintiffs claim is and the ground upon which it rests." ... By ... providing no factual basis to distinguish their conduct, [] complaint failed to satisfy this minimum standard". *Atuahene v. City of Hartford*, 10 Fed. Appx. 33 (2d Cir. 2001) Summary Order (citation omitted).
   "Defendants ... were able to identify and assert defenses to [the] claims against them[,] ... suggest[ing] that [the] … complaint in this action provided sufficient notice". *Taverna v. Palmer Township, et al.*, 5:20-cv-0812-JDW (E.D.Penn. 9/16/2020) (citation and quotation marks omitted)

As shown above Complaint provides clear and fair notice to Teaneck.

***(i) Defendant falsely claimed that "municipal defendants [] are not alleged to have participated in the aforementioned conduct. Plaintiff relies almost exclusively on accusations against "Defendants" as a group, without identifying which individual allegedly engaged in which conduct." ECF No.42, p.12***

Teaneck's statements are apparently wrong.

Complaint clearly "identified" uniform Teaneck police officers, firefighters, Teaneck public schools' staff and students, Teaneck's Clerk, Teaneck Board of Education staff members, and more participants (see for example above C.2(b)(i) or C.2(c)(i) and (iii)). Plaintiff made sufficient factual allegations to distinguish the conduct of different Defendants such as the Township of Teaneck and others (Motion, Point V.5 acknowledged that Complaint is also against federal agents, NYPD, JTTF).

## 4. Although related as facts and raising common questions of law, this action is not identical – it is about the harms from Defendants' conduct since the initiation of *Dimitrov I* on 7/25/2023, while *Dimitrov I* is about their conduct till then.

   "In order to dismiss a pending suit as duplicative, "[t]here must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same." Id. (internal quotation marks omitted; alteration in original)." *Oliver v. Penny*, No. 21-111-cv. (2d Cir. 6/16/2022) Summary Order (underlining added)
   "When allegations duplicate claims that are being raised in another case by the same plaintiffs, the suits themselves may be duplicative, especially if the second-filed suit "involves essentially the same factual background and legal questions as those presented" in the previously filed suit."

*Sacerdote v. N.Y. Univ. Sch. of Med.*, No. 17-cv-8834 (KBF) (S.D.N.Y. Feb. 23, 2018) (underlining added)

> "Whether two suits involve the same causes of action turns, at least in federal-question cases, on the application of the Restatement of Judgments' same-transaction test. ... The "most important" factor is "whether the two suits arise out of the same transactional nucleus of facts." Adams, 487 F.3d at 689 (citations and internal quotation marks omitted)." *Mendoza v. Amalgamated Transit Union Intern.*, 30 F. 4th 879 (9th Cir., 4/7/2022)

*Dimitrov I* and this action arise out of closely related but different transactional nucleus of facts. "Because Defendants' actions are continuation of their activities addressed in *Dimitrov I*, all relevant facts since 2012 are relevant to this action", but this litigation is based on different set of facts – the facts about Defendants' "conduct since the initiation of *Dimitrov I*", since 7/25/2023 (ECF No.1 at 16). The claims in regards to Defendants' conduct since 7/25/2023 could not have been brought in *Dimitrov I* because the resulting harms to Plaintiff occurred through the years after its initiation. During most of that time Court's decision on the Report and Plaintiff's Objections (*Dimitrov I*, ECF No.8) has been and is still pending, and that alone shows that this action is not initiated to avoid or sidestep any Court's ruling or order.

Despite that Defendant wrongly claims that this action is "to sidestep the Magistrate Judge's recommendation for dismissal." (ECF No.42, p.13), and improperly brought res judicata doctrine as additional base for dismissal although there is no final judgment on the merits of *Dimitrov I*.

Because *Dimitrov I* and this action are not identical, nor claim-splitting, and res judicata is irrelevant, dismissal on any of those grounds is not warranted. Especially because on 1/9/2026 Plaintiff filled a motion to consolidate both cases (ECF No.43) which will prevent the unnecessary duplication of efforts, repetition, unnecessary expense, and delay.

# D. Conclusion

Motion uses ridicule as argument, misrepresents the Complaint, presents false arguments, fabricates claims on behalf of Plaintiff, and is wrongful in variety of other ways. If dismissal is

granted partially or in full for any ground Defendant brought, that would result in apparent errors, and/or abuse of discretion.

Because of all of the above, the Court should deny Defendant's Motion in its entirety.

* * *

Your Honor, thank you for the time and consideration.


Yours faithfully,

Dated: 1/21/2026                                      __/S/_____

Kalin Dimitrov
805 Red Road, Apt. A2
Bergen County, Teaneck, NJ 07666
Telephone: +1 646 378 8286
Email: kdcase2023@gmail.com

*Plaintiff, proceeding pro se*