*Dimitrov v. The United States of America et al.*, 25-cv-7420 (S.D.N.Y., 9/5/2025) ECF No.1

# Table of Contents

I. JURISDICTION AND VENUE................................................................................................1

II. PARTIES..................................................................................................................................2

III. ADMINISTRATIVE PREREQUISITES................................................................................4

IV. STATEMENT OF FACTS......................................................................................................4

    1. The Federal Bureau of Investigations is a leading party in the activities against Plaintiff.................6
        (a) FBI agents and participants identifying themselves or other parties as 'FBI', 'agents' or 'feds' act in concert against Plaintiff................................................................................................7
        (b) Defendants have shown to Plaintiff that the activities against him are FBI activities or are supported / approved by the FBI............................................................................................8
        (c) The apparent nature and participants in the activities against Plaintiff show they are under the authority, responsibility, and coordination of the FBI and its JTTFs.........................................9
            (i) Defendants activities against Plaintiff are framed as counterterrorism investigation...............9
            (ii) FBI investigations are usually conducted in concert with other agencies, or by JTTFs or other joint task-forces. Many of the other participants in the activities against Plaintiff are traditional JTTF members or partners such as police, USPS, sheriff departments, private security, utility companies, universities, and more................................................................10
            (iii) Defendants' efforts to 'exclude and remove' Plaintiff from the apartment and the US are measures under the FBI/JTTF authority. (See IV.8(b)(2)(iii))................................................10
            (iv) The methods Defendants use against Plaintiff (including violations of the constitution) are a modernized form of the FBI methods from COINTEL era............................................10
            (v) The retaliation to Plaintiff's legal actions is in accord with long-time existing FBI practices to silence anyone who "dares to question its motives or performance", and to place "higher value on maintaining image rather than rooting out wrong."................................................11
            (vi) In further support – the FBI New York / JTTF New York had conducted operation on Plaintiff's street months before he moved in....................................................................11
        (d) Despite its "authority and responsibility to investigate all violations of federal law that are not exclusively assigned to another federal agency", and "its responsibility to uphold and protect the civil rights" the FBI remains deliberately blind to the violations Plaintiff reported verbally om 11/8/2017, and in his two Administrative claims with the FBI on 11/10/2022 and 8/29/2024. That is at minimum support and approval...................................................................................11

    2. The NJ State and Teaneck Municipality's knowledge and participation in the activities against Plaintiff.........................................................................................................................12

    3. Teaneck police is one of the main parties in the activities against Plaintiff....................................14
        (a) Teaneck police didn't investigate and concealed the events Plaintiff reported on 9/11/2012 (see ECF No.1 at 26, and No. 8-1 at 20)...........................................................................14

(b) Teaneck police did not investigate any report Plaintiff filed till 2024. Furthermore with exception of the report from 1/9/2019 neither Plaintiff's handwritten statements nor the other materials he provided to police were entered in the police records system,. After the initiation of Dimitrov I Plaintiff filed two reports with the police in 2024. In both cases police was not willing to investigate further, and ignored (didn't even saved) some of the records Plaintiff provided as evidence..................................................................................................................................15
(c) Teaneck police overtly participate (with uniform officers) in the activities against Plaintiff since 2013.........................................................................................................................16
(d) Defendants in plain clothes identified themselves or other parties as police...........................17
(e) Parties acting in concert against Plaintiff stated Teaneck police participation.........................17
(f) Teaneck police does not enforce the law in regards to activities in regards to Plaintiff, including the local law. See IV.8..................................................................................................18

4. The participation of Teaneck Public Schools and their students, and Defendants' abuse of CVE, anti-gang and/or another similar program.........................................................................................18
   (a) Teaneck Public School students' actions against Plaintiff are framed as anti-gang, and/or CVE training............................................................................................................................20
      (1) Defendants frame in part the activities against Plaintiff as training exercise(s) and their statements suggest that activities with participation of students are CVE and/or anti-gang training............................................................................................................................20
      (2) Defendants' activities represent in part a CVE intervention – they disseminate derogatory counter-narratives to discredit Plaintiff, suppress him with demonstrative surveillance, subject him to messaging campaigns with the participation of students and other community parties intended to influence him, and more...................................................................................21
         (i) Defendants' formulation and dissemination of false narrative(s) about Plaintiff apparently aim to discredit him, and resembles the first step in a CVE intervention – formulation of a narrative which 'undermine the legitimacy, credibility and appeal' of its target.....................................................................................................................................21
         (ii) Defendants' demonstrative surveillance of Plaintiff with the participation of schools/students and community parties is by definition one of the CVE and anti-gang strategies for social control. The US CVE strategy utilizes the OJJDP anti-gang model which includes as a suppression strategy the close monitoring or supervision of its targets by government agencies, schools, and community-based agencies......................................21
         (iii) Defendants' social pressure campaign against Plaintiff follows CVE 'mosaic of engagement' approach.................................................................................................22
   (b) Defendants subject Plaintiff to regular provocations / sting operation(s) in a few of which students act as his enemies and/or potential victims.............................................................24
      (1) Defendants' deliberate efforts to create conflicts between Plaintiff and certain parties.…..25
      (2) Teaneck students play the role of enemies to Plaintiff – they threaten, assaulted, and mocked him............................................................................................................................26
      (3) Students also serve as decoys provoking Plaintiff's response............................................27
   (c) Teaneck schools and their students act against Plaintiff in coordination and agreement with Defendants....................................................................................................................................27
      (1) Defendants give instructions to students in regards to Plaintiff.........................................28
      (2) Coordination of messaging between students and Defendants..........................................28
         (i) In order to create conflict with police Defendants (students included) repeatedly threatened to call police on Plaintiff...................................................................................29

    (3) Students participate in the degrading, distressing Plaintiff. For example on:......................30
    (4) Demonstrative surveillance and coordination................................................................30
    (5) Students participate in Defendants' coordinated efforts to awaken Plaintiff......................31
    (6) The escalation of the harassment and Plaintiff's two reports against students with Teaneck police in 2024...............................................................................................................31

5. The regular participation of USPS carrier(s) in the activities against Plaintiff.............................36
   (a) USPS carrier(s) serving Plaintiff's building intentionally disturb and provoke him................36
   (b) USPS carrier(s) are in contacts with Defendants in the building, act in coordination with Defendants, and regularly talk about Plaintiff...................................................................37

6. Other known parties in the activities against Plaintiff................................................................42

7. Defendants identify and investigate Plaintiff as a threat at first motivated (at least in part) by overt discriminatory animus ("Bulgarian fagot", see ECF No.8-1 at 13, 18), and since 9/11/2012 also in retaliation to his petitions and legal actions................................................................................44
   (a) Defendants' threat assessment and management of persons who are potential threat. "[A]nyone who challenges the government's theories or tactics [is] a potential target of its counterterrorism efforts."..........................................................................................44
    (1) Threat indicators used for an assessment are part of threat assessment / radicalization models which shifted the law enforcement focus on 'intent', at a point before any criminal activity occurred...................................................................................................46
      (i) Perceived grievance and injustice – the first phase or one of the factors for radicalization.................................................................................................47
      (ii) Identity crisis and new self-identification – the second phase in NYPD and FBI models, related to the second phase in ICJ model: Social pressure.....................................48
      (iii) Anti-Terrorism Advisory Council at the U.S. Attorneys' Offices, DOJ, compiled a set of pre-incident indicators..............................................................................48
    (2) Management of a threat includes controlling/containing the person of concern, using in that regard the existing social systems and community policing.....................................49
    (3) Radicalization is highly disputed concept but despite that is used widely in FBI and other agencies' threat assessment and management, and CVE programs...........................50
   (b) Defendants designated and keep unreasonably to designate Plaintiff and his activities as threat....................................................................................................................51
    (i) Before his report with Teaneck police on 9/11/2012 Defendants identified Plaintiff as a threat at least in part because of his Bulgarian ethnicity and national origin, and because they perceived him as a gay..............................................................................51
    (ii) Since Plaintiff's report with Teaneck police on 9/11/2012 Defendants deliberately 'develop intelligence' that he is a threat – acting not only with discriminatory animus, but also in retaliation and with malice. Since then Defendants disseminate false and/or derogatory information about Plaintiff, including false accusations of serious crimes, fabricated statements on his behalf, demonstratively survey, harm, and provoke him while denying him protection under the law with apparent intention to manufacture incriminating response(s), and more....................................................................................................52
      (1) Defendants designate Plaintiff as a threat but admitted in a few occasions that they "made him". They have also shown that the threat at least in a few occasions is Plaintiff's preparation, work, and filing of legal actions..................................................53

    (A) Defendants overtly referred to Plaintiff as a threat, but admitted that they 'made him'..................................................................................................................................54
    (B) Demonstrating their interest in Plaintiff Defendants color him a threat....................57
    (C) Defendants portrait Plaintiff as a threat under the purview of the FBI / JTTF...........60
  (2) Defendants fabricate legitimate reasons to keep treating Plaintiff as a threat.................60
    (A) According to Defendants' false narrative about Plaintiff, he is a radical individual (as it is defined by the FBI – one "who encourage, condone, justify, or support the commission of a violent act or other crimes against the U.S. government, its citizens".), and they accused him of serious crimes..........................................................................61
    (B) Defendants deliberately misinterpret Plaintiff's words and actions in detrimental to him way – an expression of their animus and malice toward Plaintiff............................70
    (C) Defendants set Plaintiff up to manufacture verbal and/or other response which could justify their activities. That includes demonstratively harming Plaintiff to make him hostile toward the US and its agencies, and to develop him as a threat by deliberately creating the conditions for his radicalization....................................................................74
 (c) Defendants abuse threat assessment and management processes in regards to Plaintiff..........77
 (d) Defendants unreasonably designate Plaintiff as a threat for many years................................78
 (e) Defendants has always aimed to disrupt Plaintiff because he is Bulgarian legal resident, who they considered to be gay, because they held malice against him, and escalated their action as punishment for his petitions and other lawful actions...................................................................78

8. Defendants have been acting in concert to subject Plaintiff to unlawful oppression, and selective treatment motivated, at least in part, by discriminatory and/or retaliatory animus, and malice since 2012.................................................................................................................................................79
 (a) Defendants' activities against Plaintiff are motivated, at least in part, by his race, ethnicity, national origin, sex, perceived sexual orientation, citizenship status, and are in retaliation to his protected under the constitution and laws conduct.........................................................................79
  (1) Plaintiff is a white Eastern European with Bulgarian ethnicity, ancestry and national origin. As Bulgarian he grew up with specific culture, language, history, music, and customs...........80
    (i) Defendants regularly identify Plaintiff by his ethnicity/national origin regardless of the location, and make derogatory remarks in that regard such as 'Bulgarian fagot', 'Bulgarian mob', 'Bulgarian enemy' (see for example ECF No. 8-1 at 18, 29, 32, 328; and ECF No.8-2 at 2141)........................................................................................................................80
    (ii) Defendants have implied / fabricated links between Plaintiff and Russia, and referred to him as 'communist' in relation to Bulgarian history and culture. In that regard Defendants also referred to Plaintiff's lawful collection of evidence as 'spying', and to him as a "spy". ..................................................................................................................................82
  (2) Plaintiff is a strait male..................................................................................................85
  (3) Plaintiff was a legal alien since he arrived in the US on 2/6/2011, and became a citizen on 4/13/2016..............................................................................................................................90
  (4) Defendants' actions against Plaintiff are at least in part punishment in retaliation to his lawful conduct and exercise of constitutional rights............................................................90
    (i) Defendants' retaliation to Plaintiff's exercise of his rights aims to inhibit his rights. That was also explicitly demonstrated by their 'stop-Plaintiff' social influence campaign and more. See IV.9-10..............................................................................................................95
 (b) Defendants have singled out, and treat Plaintiff selectively in comparison to other similarly situated for 13 years and counting.......................................................................................95

(1) Similarly situated to Plaintiff comparators..................................................................95
(2) Defendants deliberately and systematically treat Plaintiff differently than similarly situated others by (i) not providing police protection; (ii) orchestrating the hostile to Plaintiff environment, including repeated attacks on him and his reputation regardless of the location; (iii) conspiring to deprive Plaintiff from residence in the US; (iv) to entrap him, and/or (v) do not hold accountable to law those acting against him................................................97
    (i) Defendants' law enforcement agencies deny protection to Plaintiff by (a) not enforcing the law in regards to his petitions and complaints with their policy / practice to not investigate (in majority of cases) and/or to obstruct, minimize, misrepresent his petitions; and (b) not protecting Plaintiff against intentional discrimination and retaliation...............97
    (ii) For many years Defendants act in concert to create hostile to Plaintiff environment regardless of the location................................................................................................97
    (iii) Defendants conspire to deprive Plaintiff from residence in the US.............................98
        (A) Defendants pressure Plaintiff to 'go away', 'move out' from his apartment and the US..........................................................................................................................98
        (B) Defendants interfered with the contracts between Plaintiff and his landlords.........103
        (C) Defendants' efforts to 'evict' and/or 'extradite' Plaintiff, include installing their agents in his building and/or acting in the adjacent apartments.....................................109
        (D) There is no exception that can justify Defendants' denial (in practice) of Plaintiff's right to freely chose residence by their activities pushing him out of his apartment and the US..........................................................................................................................110
    (iv) Defendants have been acting in coordination to entrap Plaintiff for 13 years an ongoing................................................................................................................................111
        (A) Plaintiff is an innocent person – he has no criminal history, nor he was engaged in criminal activities before or when Defendants started their inducement. And after 13-years-long and ongoing Defendants' pressure and provocations Plaintiff has still not committed a crime – a demonstration that he has never been 'ready to commit crime' at the first place........................................................................................................112
        (B) Defendants' inducement of Plaintiff to commit crime is abuse of their powers: they not only create opportunities for Plaintiff to commit a crime (for example by giving him 'enemies'), but play psychological games to manipulate and provoke him to do that, create the conditions for his radicalization, and their efforts in that regard far exceed the two-years period which the courts considered improper...............................................112
        (C) Defendants' explicit verbal conduct shows their intent to entrap Plaintiff...............116
    (v) Defendants do not enforce nor follow the law, do not hold and prevent Plaintiff to hold accountable to the law the US persons, institutions and entities that violate the Constitution and laws with the authorization, support, acceptance, and/or implementation of the activities against him....................................................................................................128
        (A) Defendants' activities against Plaintiff are unlawful – they violate the US Constitution (First, Fourth, Fifth, and Fourteenth Amendments), the UN conventions ratified by the US such as CCPR, CAT, and CERD, and multiple federal and local laws for more than 13 years and ongoing. See bellow (B)......................................................128
        (B) Defendants fail to cease, investigate, remedy, and/or prevent the violations of the US Constitution and laws (including the international laws) in Plaintiff's case, and are deliberately indifferent to the violations of Plaintiff's rights..........................................130
        (C) Defendants actively prevent Plaintiff to hold them accountable in a court of law. See IV.9-10..........................................................................................................................137

    (D) Defendants act with apparent malice against Plaintiff............................................137
    (E) Defendants' conduct described above demonstrates that the law is not enforced equally in Plaintiff's case. Furthermore there is a breach of the fundamental fairness and the equality before the law because the persons, institutions and entities that violate CCPR, CAT, CERD, the US Constitution and laws in Plaintiff's case are the agencies (the FBI, NYPD, Teaneck police), or are acting in concert with the agencies which are supposed to investigate such kind of violations, and as such they have significant stake in the case.................................................................................................................................138
  (vi) Defendants have no legitimate basis for their treatment of Plaintiff (see the argument at (b)(2)(iii)(D))..................................................................................................................138

9. Defendants conspire to interfere with and deprive Plaintiff from his right to petition the government.............................................................................................................................138
  (a) Defendants and parties in concert ('Defendants') act consistently to disrupt Plaintiff's preparation, work, or filing of petitions since the end of March 2016. See IV.8, IV.10, IV.9(a) pressure campaigns, Timeline of events...............................................................................140
    (1) Defendants' demonstrative surveillance of Plaintiff as suppression and deterrence..........140
    (2) Defendants orchestrate a social pressure campaign to persuade Plaintiff that he can not sue them, and to deter him from working on or filing petitions.....................................................141
    (3) Since Plaintiff filed his Notice of claims/Administrative claims on or about 11/10-11/11/2022 Defendants have started a messaging campaign that his petitions 'can't stop' them, and that they 'won't stop'.........................................................................................................145
    (4) Defendants' pressure campaign to persuade Plaintiff to 'stop' preparing, working on, or filing petitions........................................................................................................................158
    (5) Defendants obstruct Plaintiff's work on, or filing of petitions..........................................190
      (i) Defendants interfere with, and retaliate to Plaintiff's work on petitions and related materials..................................................................................................................................190
      (ii) Defendants interfered and/or prevented Plaintiff to file petitions with FBI New York and Teaneck police........................................................................................................................192
  (b) Defendants' policy or practice to ignore, not investigate or obstruct otherwise the petitions Plaintiff filed.............................................................................................................................193
    (1) Defendants policy to ignore Plaintiff's petitions – no investigation of the claims, no response, and no contact with him in that regard......................................................................194
    (2) Defendants' obstruction of Plaintiff's petitions after the start of Dimitrov I......................196
      (i) The FBI New York re-framed and minimized Plaintiff's claims for civil rights violations on 11/8/2017, and his administrative claims on 11/10/2022, in order to prevent him from filing them in person...............................................................................................................197
      (ii) The FBI re-framed and minimized Plaintiff's administrative claims from 8/29/2024 in its final response dated 3/6/2025................................................................................................197
      (iii) Teaneck police responded to Plaintiff's police reports from 4/26/2024 and 7/16/2024. .................................................................................................................................................197
    (3) Defendants' policy / practice about Plaintiff's petitions as applied to his legal actions – see IV.10......................................................................................................................................198
  (c) Defendants' retaliation to Plaintiff's preparation, work, and filing of petitions......................198
    (1) Defendants have subjected Plaintiff to systematic degrading treatment in retaliation to his petitions and petition-related activities. (See IV.11.).............................................................198

(2) In retaliation Defendants have interfered substantially with Plaintiff's economic prospects and employment..................................................................................................................198

10. Defendants conspire to prevent Plaintiff from attending and/or having fair hearing as a party and witness before a court of law...............................................................................................199
   (a) Defendants actively prevent Plaintiff to have his legal actions before the court, and to have a fair hearing before the court, by (i) preventing Plaintiff to obtain legal or expert counsel, (ii) restricting his ability to uncover legal claims by not investigating his reports and petitions, (iii) preventing or obstructing him to obtain or preserve evidence for the violations, (iv) subject Plaintiff to degrading treatment, (v) retaliate and pressure him to stop, and (vi) obstruct or slow down the filing of his petitions................................................................................................199
     (i) Defendants actively prevent Plaintiff from obtaining legal or expert counsel for his lawsuits.................................................................................................................................199
     (ii) Defendants prevented or significantly slowed down the discovery of Plaintiff's legal claims with their policy and practice to ignore and not investigate his reports and complaints. ..............................................................................................................................................209
     (iii) Defendants prevent or obstruct Plaintiff to obtain or preserve evidence for their violations. ..............................................................................................................................................210
       (1) Defendants' evasion and retaliation to Plaintiff's lawful recording of relevant events.210
         (A) Defendants use third parties, modify their behaviors and/or the environment at least in part with intention to evade Plaintiff's record of relevant events...............................212
         (B) Defendants demonstratively accessed Plaintiff's computer(s), phones, and accounts, and deleted evidence and other files, turned off remotely the computer with Blue Iris security software, and more.......................................................................................223
         (C) In retaliation Defendants demonstrate their knowledge that Plaintiff records events, ridiculed him, and claimed that Plaintiff is a spy holding them hostage........................225
         (D) Defendants retaliate with noise harassment, pebbles at Plaintiff's windows, or DE attacks to Plaintiff's record of events..........................................................................227
       (2) Defendants prevent Plaintiff to have objective witnesses.............................................228
       (3) Defendants withhold information and act undercover only to evade liability...............230
       (4) Defendants deliberately mislead Plaintiff and create distractions................................231
    (iv) Defendants' degrading practices in retaliation to Plaintiff's preparation and filing of petitions.................................................................................................................................231
    (v) Defendants' retaliation and pressure to stop Plaintiff from working on, filing and/or pursuing his lawsuits............................................................................................................232
       (1) Defendants' conduct since the end of March 2016 is in significant part punishment for Plaintiff's preparations and work on his legal cases........................................................233
       (2) Defendants retaliate to Plaintiff's work on FBI, JTTF, or related to FBI/JTTF materials. ..............................................................................................................................................235
       (3) Defendants have started social pressure campaign to 'stop' Plaintiff since he began working on the legal cases in 2016. See IV.9(a)(4)...........................................................240
    (vi) Defendants obstruct Plaintiff to file legal action(s)........................................................240
    (vii) Defendants' conduct have chilled Plaintiff....................................................................241
   (b) Defendants interfere with the federal court of the Southern District of New York (S.D.N.Y.), and its proceedings in regards to Plaintiff to deny him fair hearing...........................................242

(i) Defendants have shown their influence over the court with their actions and/or statements showing knowledge of the S.D.N.Y. proceedings in regards to Plaintiff's cases, sometimes even before they occur or got public. For example:..............................................................242

(ii) The Defendants' influence on S.D.N.Y. is inferred because the judicial standards, rules, and proceedings are repeatedly applied to Plaintiff's legal actions in unfair way, and put him unreasonably in disadvantage...............................................................................................243

   (1) The S.D.N.Y. unequal treatment of the Plaintiff's legal actions in comparison to other similar cases is contrary to the principle of "[e]quality before courts and tribunals [which] requires that similar cases are dealt with in similar proceedings." (General Comment No. 32: Article 14: Right to equality before courts and tribunals and to a fair trial. Human Rights Committee, CCPR/C/GC/32, 23 August 2007, at 14). For example the court's appointment of a judge to Plaintiff's Gyro case took longer than any similar case filed with S.D.N.Y. since Plaintiff's filing in the next about 6 months; the court keeps the case against the Defendants at its initial stage for more than 25 months while average time for disposition of a civil case with S.D.N.Y. is 5.6 months; and more......................................243

   (2) Magistrate Judge Cave's Report and Recommendation to dismiss Plaintiff's action Dimitrov v. the United States of America et al, 1:23-cv-6451 (S.D.N.Y., 7/25/2023) (ECF, No. 7) shows the Defendants influence on the court. Such influence is inferred by the Report's apparent but otherwise unreasonable bias against Plaintiff, including its material misrepresentation of the Plaintiff's claims; apparent legal errors in regards to the application of standards for review of a pro se complaint, for a frivolous case, and for dismissal under F.R.C.P., Rule 8, as well as the erroneous position of the Report that any broad conspiracy claim is frivolous; and the questionable preparation and filing of the Report as timing. All those infer Defendants influence on the court, because otherwise it would mean that Judge Cave (and Judge Rearden) are incompetent and/or biased against Plaintiff.................................................................................................................247

   (3) Judge Rearden has not ruled on the Report and the Plaintiff's Opposition to the Report and Recommendations (ECF, No.8) for more than two years, and in practice unreasonably denies Plaintiff access to the court, a fair hearing, and remedy for the violations he claimed. That further supports the inference of Defendants influence on the court unless Judge Rearden is indeed biased against Plaintiff............................................................................249

   (4) Judge Rearden has ignored Plaintiff's letter from 7/24/2024 (ECF, No.14) asking for ruling on his opposition to Report and Recommendation (ECF, No. 8), and other relief due to the ongoing harm he suffers from Defendants activities.................................................251

   (5) The court's unjustified delays violate the due process. Furthermore because the court is aware of the ongoing injury to Plaintiff (see ECF, No.1, 251, No.8-1 and 8-2, No.14), that amounts to acceptance and compliance with the Defendants policies and practices violating Plaintiff's civil rights by remaining willfully blind to them................................................251

(iii) Degrading treatment and the intimidation of Plaintiff when he was in the court's buildings or on a call with the Pro Se Unit. For example:......................................................................252

(iv) The S.D.N.Y. treatment of Plaintiff and his legal actions matches Defendants' policy and practice in regards to him and his petitions. See more above at C.(1)......................................253

(v) Because of the Defendants' direct and/or indirect interference with S.D.N.Y. the court is neither independent nor impartial in regards to Plaintiff and his legal actions........................254

11. Defendants conspire to systematically degrade Plaintiff, including by deliberate infliction of physical and mental pain and suffering for 13 years and ongoing.................................................256

A. Defendants deprive Plaintiff of getting enough sleep as part of their concerted efforts to systematically degrade and harm him..................................................................................................257
    (1) Defendants deliberately deprive Plaintiff of sleep in order to ruin his health, and deteriorate his cognitive functions (thinking, planning, and more)..........................................................261
    (2) Defendants overtly demonstrate their intend to deprive Plaintiff of (enough) sleep apparently to make him hostile and provoke him..................................................................264
B. Defendants have deliberately directed energy beams (DE) at Plaintiff, whether in public or his apartment, in order to contact him and/or his chattels, and cause harm, pain and suffering, and/or substantially diminish his capacities for many years...............................................................268
    (1) Defendants' DE attacks on Plaintiff, and a few of their effects are regularly detected and documented since May 2018..................................................................................................272
        (i) Absent Defendants' DE attacks the electric charge of Plaintiff's body is bellow 100 V/m. ……………………………………………………………………………………………….273
        (ii) Defendants' attacks on Plaintiff with focused DE beams led, among other things, to the abnormal electric charge of certain locations on his body – up to about 1040 V/m or more than 10 times higher than the base-level, and up to about 33 times higher than the FCC limits of exposure of general public to EF..........................................................................274
            (a) Examples of abnormal electric charge (about 1000 V/m or more) at the surface of Plaintiff's body from the beginning of 2025..................................................................274
            (b) Defendants' attacks apparently disrupt the normal distribution of the electric charges within Plaintiff's body, charge certain locations with electricity, and induce electric currents..............................................................................................................................275
        (iv) Defendants directed at Plaintiff DE beams with abnormal pressure and/or radiation – EF, MF or EMF..........................................................................................................276
        (v) Defendants' DE attacks have charged with electricity and /or induced electric currents in certain objects (bed, chair), or locations in Plaintiff's apartment. The EF from Defendants in ap. G2 and/or B2 penetrating into his apartment is also above the FCC limits..............277
    (2) DE beams target Plaintiff, and specific locations on his body repeatedly..........................279
    (3) Defendants have made a few explicit and implicit statements about using DE against Plaintiff since 2013..................................................................................................................279
    (4) Defendants have started using DE against Plaintiff while he was outside his apartment since he went for the first time to the FBI New York Field Office building on 10/31/2017...281
    (5) The effects of Defendants' use of DE on Plaintiff..............................................................282
        (i) Defendants' attacks on Plaintiff with DE inflict immediate pain and/or long lasting injury and pain..................................................................................................................282
            (a) Defendants burn Plaintiff with focused DE beams with frequency above 100 kHz.283
            (b) Defendants' DE attacks induce urticaria / hive at the targeted area on Plaintiff's body. ..............................................................................................................................283
            (c) Pigmentation at the most targeted with DE areas on Plaintiff's body.......................284
        (ii) Defendants' attacks on Plaintiff with DE cause significant physical and mental suffering..............................................................................................................................284
C. Defendants orchestrate and act in concert to subject Plaintiff to systematic harassment and abuse (hostile environment)....................................................................................................286
    (1) Defendants are provocatively explicit about the harassment of Plaintiff, and their intention to destroy, break, crush, and ruin him........................................................................................290
        (i) Defendants overtly talk about the harassment of Plaintiff since 9/7/2012.....................291
        (ii) Defendants also talked overtly about destroying Plaintiff...........................................299

    (2) Defendants systematic induction of distress to Plaintiff......................................................303
       (i) Defendants methodically attack Plaintiff with variety of sounds..................................304
       (ii) Defendants regularly threaten and assault Plaintiff......................................................308
         (a) Defendants explicitly threatened to kill Plaintiff......................................................308
         (b) Defendants explicitly threatened Plaintiff that he will not survive, and will die......313
    (3) Defendants deliberately and systematically humiliate or debase Plaintiff, showing disrespect and diminishing his dignity...........................................................................................316
       (i) Defendants demonstratively diminish Plaintiff's status, and deliberately reduce the value of what he does, aims, or knows...................................................................................316
       (ii) Defendants explicitly called Plaintiff names with apparent intention to humiliate and provoke him.............................................................................................................................317
       (iii) Defendants play psychological games to humiliate and provoke Plaintiff..................318

12. Defendants deliberately and systematically attack Plaintiff's reputation and identity..................319
    (a) Defendants have accused falsely Plaintiff of serious crimes in public since 2013.................320
       (1) Defendants know that there is no factual basis for accusing Plaintiff of crimes................321
    (b) Defendants systematically attack Plaintiff's identity..............................................................321
       (1) Defendants have ruined Plaintiff's social image, and defined detrimentally the stories and meanings others attach to him, with their false and defamatory narrative(s) about him as a Bulgarian criminal, terrorist, spy, and 'police enemy' (see above at (a)).The effect on Plaintiff and his prospects is significant in any possible way – financially, socially, emotionally, or otherwise...................................................................................................................................322
       (2) Defendants' systematic isolation and alienation of Plaintiff, and their deliberate efforts to create conflicts.....................................................................................................................322
         (i) Defendants create conflicts and distrust toward Plaintiff..............................................323
       (3) Defendants' demonstrative surveillance of Plaintiff sets how others see his social role(s), and as he sees / experiences his role in the society. In that regard and among other things this is an attack on Plaintiff's identity....................................................................................329
       (4) Defendants have set issues with Plaintiff's identity and "re-named" Plaintiff..................329
       (5) Defendants have destroyed Plaintiff's career as an advertising Art/Creative Director......329
       (6) Defendants attack Plaintiff's sexual orientation and impute homosexuality to him..........331

V. COUNTS............................................................................................................................................331

    COUNT 1: Defendants violated the First and Fourteenth Amendments of the US Constitution, and Art.1, §§8-9 of the New York State Constitution (Against Defendants USA/FBI, the City of New York (under 42 U.S.C. §1983, §§1985-1986, NYS Const.), Township of Teaneck (under 42 U.S.C. §1983, §§1985-1986), and against Marlene Dula, John Doe (ap.B2), Raphael Pimienta, as well as number of Jane and/or John Doe (decision-makers) in their individual capacities (under 42 U.S.C. §§1985-1986))...................................................................................................…..…………....331

    COUNT 2: Defendants violated the Fourth and Fourteenth Amendment of the US Constitution and Art.1, §12 of the NYS Constitution (Against Defendants USA/FBI, the City of New York (under 42 U.S.C. §1983, §§1985-1986, NYS Const.), Township of Teaneck (under 42 U.S.C. §1983, §§1985-1986), and against Marlene Dula, John Doe (ap.B2), Raphael Pimienta, as well as number of Jane and/or John Doe (decision-makers) in their individual capacities (under 42 U.S.C. §§1985-1986)) …………………………………………………………………………………….334

COUNT 3: Defendants violated the Due Process Clause of the US Constitution (5th And 14th Amendment) and the Due Process Clause of the NYS Constitution (Against Defendants USA/FBI, the City of New York (under 42 U.S.C. §1983, §§1985-1986, NYS Const.), Township of Teaneck (under 42 U.S.C. §1983, §§1985-1986), and against Marlene Dula, John Doe (ap.B2), Raphael Pimienta, as well as number of Jane and/or John Doe (decision-makers) in their individual capacities (under 42 U.S.C. §§1985-1986))……………………………………………………………...336

COUNT 4: Defendants violated Plaintiff's right to equal protection guaranteed under Fifth and Fourteenth Amendments of the US Constitution, Art. I, §11 of the NYS Constitution, and 42 U.S.C. §§1981, 1983, 1985-1986. Claim against Defendants USA/FBI, the City of New York (under 42 U.S.C. §1983, §§1985-1986, NYS Const.), Township of Teaneck (under 42 U.S.C. §1983, §§1985-1986), and against Marlene Dula, John Doe (ap.B2), Raphael Pimienta, as well as number of Jane and/or John Doe (decision-makers) in their individual capacities (under 42 U.S.C. §§1981, 1985(3)-1986, NYS Const.).   …………………………………………………………………………….337

COUNT 5: Defendants violated 42 U.S.C. § 1981A(A)(1) (Against Defendants the City of New York (under § 1983), Township of Teaneck (under § 1983), and against Marlene Dula, John Doe (ap.B2), Raphael Pimienta, as well as number of Jane and/or John Doe (decision-makers) in their individual capacities) …………………………………………………………………….338

COUNT 6: Defendants violated 42 U.S.C. § 1983 (Against Defendants the City of New York, and Township of Teaneck)......................................................................................................339

COUNT 7: Defendants violated 42 U.S.C. § 1985(2) (Against Defendants USA/FBI, the City of New York, Township of Teaneck, and against Marlene Dula, John Doe (ap.B2), Raphael Pimienta ('Ralph'), as well as number of Jane and/or John Doe (decision-makers) in their individual capacities)..........................................................................................................................340

COUNT 8: Defendants violated 42 U.S.C. § 1986 (Against Defendants USA/FBI, the City of New York, Township of Teaneck, and against Marlene Dula, as well as number of Jane and/or John Doe (decision-makers) in their individual capacity)........................................................341

COUNT 9: United States of America (FBI) injured Plaintiff (claims under the Federal Tort Claims Act ('FTCA'))..................................................................................................................341

COUNT 10: Assault. Against Defendants USA/FBI (under FTCA), and against Marlene Dula, John Doe (ap.B2), and Raphael Pimienta in their individual capacities...............................................342

COUNT 11: Battery – Against Defendants USA/FBI (under FTCA), and against Marlene Dula, and John Doe (ap.B2) in their individual capacities..........................................................................343

COUNT 12: Defamation – Against Defendants USA/FBI (under FTCA), and against Marlene Dula, and John Doe (ap.B2) in their individual capacities..................................................................344

COUNT 13: Infliction of Emotional Distress – claims against Defendants USA/FBI (under FTCA), and against Marlene Dula, John Doe (ap.B2), and Raphael Pimienta ('Ralph') in their individual capacities..................................................................................................................345

COUNT 14: Civil Conspiracy – Against Defendants USA/FBI (under FTCA), and against Marlene Dula, John Doe (ap.B2), and Raphael Pimienta ('Ralph') in their individual capacities.............346

COUNT 15: Tortuous Interference – Against Defendants USA/FBI (under FTCA), and against Marlene Dula, John Doe (ap.B2), Raphael Pimienta, as well as number of Jane and/or John Doe (decision-makers) in their individual capacities..........................................................................347

COUNT 16: Nuisance – Against Defendants USA/FBI (under FTCA), and against Marlene Dula, John Doe (ap.B2), and Raphael Pimienta in their individual capacities.......................................348

COUNT 17: Trespass – Against Defendants USA/FBI (under FTCA), and against Marlene Dula, John Doe (ap.B2), and Raphael Pimienta in their individual capacities.......................................350

VI. PRAYER FOR RELIEF..................................................................................................351

VII. DEMAND FOR JURY TRIAL AND PLAINTIFF'S CERTIFICATION.................................351