UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALIN DIMITROV,<br><br>                         Plaintiff,<br><br>    -v-<br><br><br>THE UNITED STATES OF AMERICA, <u>et. al.</u>,<br><br>                         Defendants. | CIVIL ACTION NO. 25 Civ. 7420 (JHR) (SLC)<br><br>**<u>ORDER</u>** |

**SARAH L. CAVE,** United States Magistrate Judge.

## I. <u>INTRODUCTION</u>

Plaintiff Kalin Dimitrov ("Plaintiff") brings this action against Defendants the United States of America, the City of New York, Township of Teaneck, Marlene Dula, Raphael Pimienta ("Mr. Pimienta"), and several John Does (together, "Defendants") alleging constitutional violations by Defendants over a thirteen-year period.  (Dkt. No. 1 (the "Complaint")).  The Honorable Jennifer H. Rearden referred this action to the undersigned for general pre-trial management and dispositive motions.  (Dkt. No. 20).  On January 28, 2026, this action was consolidated with an earlier action that Plaintiff commenced against the same Defendants in this District captioned <u>Dimitrov v. The United States of America</u>, <u>et al.</u>, No. 23 Civ. 6451 (JHR) (SLC). (Dkt. No. 59).  On February 2, 2026, Mr. Pimienta filed an application for the Court to request <u>pro bono</u> counsel on his behalf.  (Dkt. No. 63 (the "Application")).[1]  For the reasons set forth below, the Application **DENIED WITHOUT PREJUDICE.**

---

[1] On January 23, 2026, in light of Mr. Pimienta's failure to timely respond to the Complaint, the Clerk of Court entered a certificate of default as to Mr. Pimienta.  (Dkt. No. 54).  On February 2, 2026, however,

## II. DISCUSSION

### A. Legal Standard

As an initial matter, "[u]nlike criminal defendants, indigents filing civil actions have no constitutional right to counsel." Davila v. Doar, No. 07 Civ. 5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008). The Court, however, has "broad discretion when deciding whether to seek pro bono representation for a civil litigant[,]" but must do so "sparingly, and with reference to public benefit, in order to preserve the precious commodity of volunteer-lawyer time . . . ." Morocho v. Stars Jewelry by the A Jeweler Corp., No. 23 Civ. 3836 (VSB), 2025 WL 2603677, at *1 (citing Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989)).

In Hodge v. Police Officers, the Second Circuit set forth factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. See Hodge v. Police Officers, 802 F.2d 58, 60–62 (2d Cir. 1986). First, "the litigant must [] demonstrate that he [] is indigent." Morocho, 2025 WL 2603677, at *1; see Hodge, 802 F.2d at 60 ("The authority for [the court] to appoint counsel for indigents in civil cases comes from 28 U.S.C. § 1915(d)"). "The court must then consider whether the litigant's claim seems likely to be of substance — a requirement that must be taken seriously." Morocho, 2025 WL 2603677, at *1 (citing Hodge, 802 F.2d at 60–61). If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in [the] case why appointment of counsel would be more likely to lead to a just determination.

---

Mr. Pimienta filed an answer to the Complaint. (Dkt. No. 64). Accordingly, the Court deems Mr. Pimienta's default cured.

Morocho, 2025 WL 2603677, at *1 (citing Hodge, 802 F.2d at 60–61; see Cooper, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).

Here, the Pro Bono Application is **DENIED WITHOUT PREJUDICE** for two reasons: (i) Mr. Pimienta has not established that he is indigent, which is a threshold requirement for the Court to request pro bono counsel on his behalf; and (2) Mr. Pimienta has not demonstrated any prior efforts to obtain counsel in this case.

As for the first reason, in his Pro Bono Application, despite checking the box stating that he has "not previously filed an [in forma pauperis] ["IFP"] application in this case and now attach[es] an original IFP application showing my financial status," he does not attach an IFP application to the Pro Bono Application, nor does he provide any information concerning his financial status beyond his statement, "I have not asked any lawyers because I know I cannot afford any of them." (Dkt. No. 63 at 1).  For the Court to request pro bono counsel, Mr. Pimienta must first establish that he lacks the financial resources to hire an attorney.

As for the second reason, Mr. Pimienta has not demonstrated any prior efforts to obtain counsel.  (Dkt. No. 63).  Mr. Pimienta specifically states that he "ha[s] not asked any lawyers" about this case.  (Id.).  For the Court to request pro bono counsel on Mr. Pimienta's behalf, he needs to first establish that he made a good faith attempt to obtain counsel, which may include attempts to obtain free counsel from legal services organizations such as the Federal Pro Se Legal Assistance Project run by the City Bar Justice Center.[2]

---

[2] The Federal Pro Se Legal Assistance Project can be contacted by phone at (212) 382-4794 or email at fedprosdny@nycbar.org.  See Legal Assistance Clinic, United States District Court Southern District of New York, https://www.nysd.uscourts.gov/attorney/legal-assistance.

Accordingly, the Application is **DENIED WITHOUT PREJUDICE**.  Mr. Pimienta may renew his Application and further provide support as to (i) why his financial status may qualify him to pro bono counsel, and (ii) his prior efforts to obtain counsel in this case.

## I. CONCLUSION

For the reasons stated above, the Application is **DENIED WITHOUT PREJUDICE**.

The Clerk of Court is respectfully directed to:

1. Close Dkt. No. 63.

2. Mail a copy of this Order to Raphael Pimienta at 805 Red Road, Apt. D-3, Teaneck, New Jersey, 07666.

Dated:        New York, New York
              February 4, 2026

SO ORDERED.

_____

SARAH L. CAVE
**United States Magistrate Judge**

4