

**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ANUMEHA TANYA**
*Senior Counsel*
Tel.: (212) 356-5052
atanya@law.nyc.gov

February 27, 2026

**BY ECF**
Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Dimitrov v. The United States of America, et al.,*
                25-cv-07420-JHR-SLC

Your Honor:

      I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York handling the defense of this matter.[1] Defendant City writes to inform the Court that it intends to file a motion to dismiss pursuant to F.R.C.P. 12(b)(6) and to respectfully request that Your Honor so order the briefing schedule proposed herein. Plaintiff does not consent to the briefing schedule proposed herein.[2]

      By way of background, Plaintiff Dimitrov brings this § 1983 action against the United States of America ("the Government"), City of New York ("City"), Township of Teaneck ("Teaneck"), Marlene Dula, Raphael Pimienta and several John and Jane Does, ("defendants" generally), alleging, *inter alia*, that starting sometime in or around 2012 and spanning over a decade, defendants abused their law enforcement and counterterrorism powers and used these powers to harm, degrade, provoke and entrap plaintiff. *See generally* E.C.F. No. 1. As a result, plaintiff claims that he "suffered deliberate infliction of physical and mental pain and suffering for 13 years and ongoing." *See* E.C.F. No. 1, Pg. 256, ¶ 2141. On December 22, 2025, Your Honor ordered City to answer, move or otherwise respond to the complaint by March 3, 2026. *See* E.C.F. Order No. 35. On January 7, 2026, the town of Teaneck ("Teaneck") filed its motion to dismiss

---

[1] This case was recently assigned to the undersigned as the previous Assistant Corporation Counsel, Jonathan Klobus, recently left the Law Department.

[2] Plaintiff informed the undersigned that he "prefers to stick to the current schedule in which your filing is due on March 3, 2026."

along with their memorandum of law. *See* E.C.F. Nos. 41-42. On January 9, 2026, plaintiff filed a letter motion to consolidate his cases[3]. *See* E.C.F. No. 43. His motion to consolidate was granted by this Court on January 28, 2026. *See* E.C.F. No. 59.  On January 13, 2026, the Government filed its motion to dismiss. *See* E.C.F. Nos. 44-45. Plaintiff filed his opposition to Teaneck's motion to dismiss on January 21, 2026. *See* E.C.F. No. 49. On January 27, 2026, plaintiff filed his opposition to the Government's motion. *See* E.C.F. No. 57.  On January 26, 2026, Teaneck filed its reply to plaintiff's opposition to its motion. *See* E.C.F. No. 55. And, on February 16, 2026, the Government filed its reply in support of its motion to dismiss. *See* E.C.F. No. 67.

As an initial matter, plaintiff's complaint cannot survive a motion to dismiss. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

It is well settled in this Circuit that the 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.'" *Jones v. Parmley*, 714 F. App'x 42, 46 (2d Cir. 2017) (summary order) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). To establish § 1983 liability against a particular defendant, a plaintiff must plead that the individual defendant was personally involved in the alleged deprivation of rights. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). Although the complaint generally references two individual defendants who are *assumed* to be New York Police Department ("NYPD") officers, *see generally* E.C.F. No. 1, this alone is insufficient. Indeed, the complaint is almost entirely devoid of any further details or allegations of personal involvement by any NYPD officers in any alleged constitutional violation.

With respect to plaintiff's purported claim against the City, this claim also fails. In order to hold a municipality liable as a "person" within the meaning of §1983, the plaintiff must establish that the municipality itself was somehow at fault. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). "The Plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries….Second, the plaintiff must establish a causal connection—an "affirmative link"—between the policy and the deprivation of his constitutional rights." *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). Plaintiff's complaint does not sufficiently allege that a municipal policy, custom, or practice led to a violation of his constitutional rights. Therefore, any purported *Monell* claim should be dismissed.

Plaintiff's complaint should also be dismissed since it violates Fed. R. Civ. P. 8(a). Rule 8(a)(2) requires that a complaint "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. The statement should be short because "unnecessary prolixity in a

---

[3] Plaintiff had filed another case with identical allegations against the same defendants. Plaintiff's prior action, *Dimitrov v. United States, et al.*, 1:23-cv-06451-JHR-SLC, (hereinafter "*Dimitrov I*") is currently pending before Judge Rearden.

pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Bender v. City of New York*, 09-CV-3286, 2011 U.S. Dist. LEXIS 103947, 2011 WL 4344203 (S.D.N.Y. Sept. 14, 2011) (quoting *Shabtai v. Levande,* 38 Fed. Appx. 684, 686 (2d Cir. 2002) (citations omitted)). Here, plaintiff's complaint fails to comply with Rule 8(a) in that it does not contain a short and plain statement of the claims and does not provide fair notice to defendant City of the claims asserted. Plaintiff's complaint is unjustifiably long, confusing, unnecessarily repetitive, and it is unclear what claims plaintiff is asserting against the City.

Defendant City respectfully submits that plaintiff will not be prejudiced in any way if Your Honor is inclined to grant this request. Accordingly, it is respectfully requested that the Court endorse the following proposed briefing schedule for the City's anticipated Rule 12 Motion to Dismiss:

- March 23, 2026 - defendant City to file its Rule 12(b)(6) initial moving papers;

- April 20, 2026 – plaintiff to file his opposition papers;

- May 4, 2026– defendant City to file its reply.

I thank the Court for its consideration of the within request.

Respectfully submitted,

/s/ *Anumeha Tanya*
Anumeha Tanya
*Senior Counsel*
Special Federal Litigation Division


cc:   **By ECF**
      *Plaintiff Pro Se*
      *All Counsel on record*