UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALIN DIMITROV,

                         Plaintiff,

     -v-                                          CIVIL ACTION NO. 25 Civ. 7420 (JHR) (SLC)[1]

                                                  **OPINION AND ORDER**

THE UNITED STATES OF AMERICA, et al.,

                         Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

## I.      INTRODUCTION

Plaintiff Kalin Dimitrov ("Plaintiff") brings this action against Defendants the United States of America, the City of New York (the "City"), Township of Teaneck, Marlene Dula, Raphael Pimienta, and several John Does (together, "Defendants") alleging constitutional violations by Defendants over a thirteen-year period.  (Dkt. No. 1 (the "Complaint")).  Before the Court is Plaintiff's motion to hold the City in civil contempt for allegedly violating the Court's Order at Dkt. No. 33 (the "Dec. 10 Order") and to "impose[] appropriate sanctions."  (Dkt. Nos. 38–39 (the "Motion")).[2]  In connection with the Motion, Plaintiff also asks the Court to take judicial notice of 17 statements (the "Statements") that Plaintiff describes as "undisputed facts."  (Dkt. No. 39 at 3–9).  For the reasons set forth below, the Motion is **DENIED**.[3]

---

[1] On January 28, 2026, this action was consolidated with an earlier action that Plaintiff commenced against the same Defendants in this District captioned Dimitrov v. The United States of America, et al., No. 23 Civ. 6451 (JHR) (SLC) ("Dimitrov I").  (Dkt. No. 59).

[2] The Motion falls under the Honorable Jennifer H. Rearden's order of reference for general pretrial management and dispositive motions.  (Dkt. No. 20).

[3] The undersigned issues this Opinion and Order, rather Report and Recommendation, because although on a motion for civil contempt the magistrate judge certifies the facts to the district judge and does not

## II.    BACKGROUND

We incorporate by reference the factual background set forth in the report and recommendation in Dimitrov I, dated August 14, 2023, Dimitrov v. United States, No. 23 Civ. 6451 (JHR) (SLC), 2023 WL 12196538, at *1–3 (S.D.N.Y. Aug. 14, 2023), and the opinion and order consolidating this action with Dimitrov I, dated January 28, 2026.  (Dkt. No. 59).  Dimitrov v. United States, No. 25 Civ. 7420 (JHR) (SLC), 2026 WL 228448, at *1–2 (S.D.N.Y. Jan. 28, 2026).[4] We set forth only the facts and procedural history necessary to decide the Motion.

On December 3, 2025, the City mailed two letters to Plaintiff.  (Dkt. No. 31-1 at 1 (the "Release Letter"), 2–4 (the "Medicare Letter"), together (the "Dec. 3 Letters")).  In the Release Letter, the City requested that Plaintiff sign a Designation of Agent for Access to Sealed Records Pursuant to N.Y. Criminal Procedure Law ("C.P.L.") §§ 160.50 and 160.55 (Dkt. No. 31-1 at 5 (the "Sealed Records Release")) and an Authorization for Release of Health Information Pursuant to HIPAA (Dkt. No. 31-1 at 6–7 (the "Medical Release," together with the Sealed Records Release, the "Releases")).  (Id. at 1).  As a basis for requesting the Sealed Records Release, the City cited C.P.L. §§ 160.50 and 160.55.  (Id.)  As a basis for requesting the Medical Release, the City explained that it needed Plaintiff's medical providers to "identify the proper records which concern [P]laintiff's treatment."  (Id.)  In the Medicare Letter, the City requested that Plaintiff

---

issue an order of contempt, (see § III.A.3, infra), here, the undersigned finds that Plaintiff has failed to adduce sufficient evidence to establish a prima facie case of contempt and therefore declines to certify any facts to the district judge for further contempt proceedings.  See In re Amon, 347 F.R.D. 17, 20 (S.D.N.Y. 2024) (on a motion for civil contempt, magistrate judge issued opinion and order declining to certify the facts to the district judge for a determination on contempt where petitioner failed to adduce sufficient evidence to establish a prima facie case of contempt against respondent); Stancuna v. Sacharko, No. 9 Civ. 75 (AWT) (DFM), 2010 WL 2351485, at *2 (D. Conn. June 9, 2010) (same); Harnage v. Wu, No. 16 Civ. 1543 (AWT) (SALM), 2019 WL 350593, at *3 (D. Conn. Jan. 29, 2019) (same).
[4] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

provide certain personal identifying information in order for the City to determine whether Plaintiff is a Medicare recipient. (Id. at 2–4).

On December 9, 2025, Plaintiff objected to the Dec. 3 Letters, arguing that they were "another instance of Defendants' efforts to interfere and influence this action by fabricating things about [him] and on [his] behalf." (Dkt. No. 31 (the "Objection")). In the Dec. 10 Order, the Court directed the City to respond to Plaintiff's Objection by December 19, 2025. (Dkt. No. 33).

On December 19, 2025, the City filed a motion (i) to compel Plaintiff to properly execute the Releases, and (ii) to extend the City's deadline to respond to the Complaint. (Dkt. No. 34 (the "MTC")).[5] On December 22, 2025, the Court granted the MTC in part and denied it in part. (Dkt. No. 35 (the "Dec. 22 Order")). Specifically, the Dec. 22 Order granted the MTC with respect to the City's request to (i) compel Plaintiff to properly execute the Medical Release, and (ii) extend the City's deadline to respond to the Complaint. (Id. at 2–4). The Dec. 22 Order denied without prejudice, however, the City's request to compel Plaintiff to sign and return the Signed Records Release and set a briefing schedule regarding the Sealed Records Release. (Id. at 3–4).

On December 25, 2025, Plaintiff moved for reconsideration of the Dec. 22 Order, asserting that he has not received medical treatment for his alleged injuries. (Dkt. No. 36–37 (the "MTR")). On January 20, 2026, the Court granted the MTR in part to the extent that Plaintiff was no longer required to sign, notarize, and return the Medical Release. (Dkt. No. 47). Further, on January 26, 2026, given Plaintiff's representations in the Complaint, MTR, and the Motion that he was not arrested for any of the alleged incidents underlying the claims in the Complaint,

---

[5] In the MTC, the City did not seek to compel Plaintiff's response to the Medicare Letter. (See Dkt. No. 34).

(Dkt. Nos. 1 at 130 n.121; 37 at 5–6; 39 at 4), the City withdrew its request that Plaintiff sign the

Sealed Records Release.  (Dkt. No. 58).

On December 29, 2025, Plaintiff filed the Motion, arguing that the City "did not respond

to [the Objection][,]" and therefore "violated the [Dec. 10 Order], and [] should be held in civil

contempt."  (Dkt. No. 39 at 1).  In connection with the Motion, Plaintiff also asks the Court to

take judicial notice of these Statements:

(1)   "Nowhere Plaintiff claimed that he was arrested, nor that any formal criminal charges were filed against him and supposedly dismissed."

(2)   "On 12/3/2025 [the City] claimed that Plaintiff was arrested, and 'all records pertaining to [P]laintiff's arrest have been sealed pursuant to CPL[] §§ 160.50 and 160.55' because 'the criminal charges against plaintiff were allegedly dismissed' in his favor (Dkt. No. 31-1, p.1)."

(3)   "Neither on 12/3/2025 (Dkt. No. 31-1) nor on 12/19/2025 (Dkt. No. 34) [the City] provided any specific factual basis for the claims stated above at III.2(2)."

(4)   "On 12/3/2025 [the City] 'fabricate[d] supposedly dismissed criminal charges against Plaintiff, and invent[ed] a non-existent arrest[.]'  (Dkt. No. 31, p. 2)."

(5)   "On 12/3/2025 [the City] 'fabricate[d] that Plaintiff has a Medicare's claim[.]'  (Dkt. No. 31, p. 2)[.]"

(6)   "On 12/19/2025 [the City] requested the Court to 'compel Plaintiff to provide properly executed § 160.50 release and medical release' (Dkt. No. 34) with the knowledge that CPL § 160.50 is not applicable, there is no Plaintiff Medicare's claim, and with no facts in support."

(7)   "'Plaintiff's Notice of claims with [the City] from 11/11/2022 is for more than three years in possession of [the City,]' therefore[,] '[the City] ha[s] had plenty of time to get familiar with Plaintiff's claims.'  (Dkt. No. 31, p. 2)[.]"

(8)   "[The City] acknowledged that the Complaint incorporates the facts that formed the basis for Plaintiff's Notice of claims to [the City] from 11/11/2022."

(9)   "'Plaintiff sent with USPS a Request for waiver of Service and the complaint in this action to [the City] which was received by [the City] on 9/18/2025 (Tracking # 9589071052703284504193) . . . [the City] did not respond and in practice denied

Plaintiff's request in violation of Rule 4(d) of the Federal Rules of Civil Procedure . . . ' Dkt. No. 31."

(10) "'[The City] has been in possession of the complaint in this action for about two months and a half' as of 12/9/2025.  Dkt. No. 31."

(11) "Since 11/11/2022 [the City] has not examined Plaintiff in regards to his Notice of claims in accord to NY General Municipal Law § 50-h(1); nor it sent any requests to Plaintiff about his Notice of claims, Notice of a lawsuit and Request to waive service of summons from 9/10/2025, Dimitrov I, or this action, up to 12/3/2025."

(12) "Since the receipt of Plaintiff's Notice of a lawsuit and Request to waive service of summons from 9/10/2025 [the City] has been able to investigate the claims in the Complaint."

(13) "On 12/3/2025 [the City] has sent requests for release of sealed information to Plaintiff (Dkt. No. 31-1) 76 (seventy six) days after it received Plaintiff's Notice of a lawsuit and Request to waive service of summons from 9/10/2025, and 35 (thirty five) days after it was served (Dkt. No. 26)."

(14) "On 12/19/2025 [the City] claimed falsely that it is 'unable to properly investigate Plaintiff's allegations in the Complaint" because without Plaintiff's release it "is unable to obtain records pertaining to Plaintiff's allegations[.]'  (Dkt. No. 34)[.]"

(15) "[The City's] request for extension of time to respond to Plaintiff's Complaint (Dkt. No. 34) is unreasonable, and intended to delay the court proceedings."

(16) "[The City's] requests are 'another instance of [the City's] efforts to interfere and influence this action by fabricating things about [Plaintiff] and on [his] behalf.' Dkt. No. 31[.]"

(17) "[The City's] requests are 'another instance of the [City] and parties acting in concert custom / policy [] of ignoring, deliberately omitting, misinterpreting, misrepresenting in detrimental to Plaintiff way his statements, including by fabricating thing[s] about or on behalf of Plaintiff.'  Dkt. No. 31[.]"

(Dkt. No. 39 at 3–9).  The City did not respond to the Motion.

5

### III.    DISCUSSION

#### A. Legal Standards

##### 1. Judicial Notice

Pursuant to Federal Rule of Evidence 201(b), "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see Johnson-Gellineau v. Stiene & Associates, P.C., 837 F. App'x 8, 11 (2d Cir. 2020) (noting that "the District Court was permitted to take judicial notice of the consent order."); In re Morgan Stanley Info. Fund Sec. Litig., 592 F.3d 347, 354 n.5 (2d Cir. 2010) (taking judicial notice of SEC filings in enforcement action, which was "a matter of public record."); Gnopo v. The Permanent Mission of Cote D'ivoire to the United Nations in N.Y., No. 24 Civ. 7262 (LGS), 2026 WL 483158, at *3 (S.D.N.Y. Feb. 20, 2026) (taking judicial notice that "Côte d'Ivoire is a sovereign nation and a member nation of the United Nations."); Wallace v. City of N.Y., No. 22 Civ. 3414 (GBD) (JW), 2026 WL 392345, at *1 n.3 (S.D.N.Y. Feb. 12, 2026) (taking judicial notice "of the extensive record in [p]laintiff's federal criminal case and the facts established at trial."); Etuk v. City of N.Y., No. 24 Civ. 4957 (KPF), 2026 WL 366763, at *10 (S.D.N.Y. Feb. 10, 2026) (taking "judicial notice of the facts that BronxWorks is a social services agency, and that the Jerome Avenue facility at which [p]laintiff resided on July 6, 2023, is a homeless shelter for men.").

A court may decline to take judicial notice of a fact if it "subject to reasonable dispute" because it is not "generally known within the trial court's territorial jurisdiction" or cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned." Fed. R. Evid. 201(b); see Klauber Brothers, Inc. v. URBN US Retail LLC, No. 21 Civ. 4526 (GHW), 2022 WL 1539905, at *3 (S.D.N.Y. May 14, 2022) (declining to take judicial notice of "the fact that the lace featured in the exhibits showcases historical and common lace designs and design elements" because "it is not generally known within the trial court's territorial jurisdiction that the photos showcase common or historical lace designs or design elements, nor can that fact be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Jones v. Rivera, No. 13 Civ. 1042 (NSR), 2015 WL 8362766, at *3 (S.D.N.Y. 2015) (declining to take judicial notice of documents where "[d]efendants have not explained how the documents contain facts that are of common knowledge or that are derived from an unimpeachable source, which would permit the Court to take judicial notice of them."); Meola v. Asset Recovery Solutions, LLC, No. 17 Civ. 1017 (MKB) (RER), 2018 WL 4660373, at *4 (E.D.N.Y. Sept. 28, 2018) (declining to take judicial notice of factual findings made in another case because they "d[id] not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source."); Stinnett v. Delta Air Lines, Inc., 278 F. Supp. 3d 599, 607 (E.D.N.Y. 2017) (declining to take judicial notice of a fact pertaining to "general use of Cocaine HCL 4% because it may be reasonably disputed[.]").

### 2. Civil Contempt

"It is well-settled that federal courts have inherent power to punish contempt." Ahamed v. 563 Manhattan Inc., No. 19 Civ. 6388 (EK) (CLP), 2023 WL 4986364, at *4 (E.D.N.Y. July 6, 2023) (citing, inter alia, Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)), adopted in part by, 2023 WL 6283280 (E.D.N.Y. Sept. 26, 2023). A party may be held in civil contempt where "(1) the order the [party] failed to comply with is clear and unambiguous, (2) the proof of noncompliance is

7

clear and convincing, and (3) the [party] has not diligently attempted to comply in a reasonable manner." Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd., No. 07 Civ. 7983 (DAB) (HBP), 2014 WL 1201905, at *4 (S.D.N.Y. Mar. 24, 2014).  "Absent clear and convincing evidence of noncompliance, the harsh remedy of civil contempt is not warranted." In re Amon, 347 F.R.D. at 19 (citing Haua v. Prodigy Network, LLC, No. 20 Civ. 2318 (PGG) (KNF), 2021 WL 3931877, at *3 (S.D.N.Y. Sept. 2, 2021)).

Civil contempt orders are employed "to coerce compliance with the court's order or compensate the complaining party for losses incurred resulting from the contemnor's conduct." Ahamed, 2023 WL 4986364, at *4.  Civil contempt proceedings are "remedial and compensatory, and not punitive." Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 5 (2d Cir. 1989) (quoting Sunbeam Corp. v. Golden Rule Appliance Co., 252 F.2d 467, 469 (2d Cir. 1958)).  "The compensatory goal of civil contempt sanctions is 'met by awarding to the plaintiff any proven damages.'" Al Hirschfeld Found. v. Margo Feiden Galleries Ltd., 438 F. Supp. 3d 203, 207 (S.D.N.Y. 2020) (quoting Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996)).  In evaluating whether a party is in contempt, courts must consider "(1) the character and magnitude of the harm threatened by continued contempt, (2) the probable effectiveness of the proposed sanction, and (3) the financial consequence of that sanction upon the contemnor." In re Grand Jury Witness, 835 F.2d 437, 443 (2d Cir. 1987) (citing United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947)).

### 3.  **Magistrate Judge's Civil Contempt Authority**

Under the Federal Magistrates Act, 28 U.S.C. § 636(e)(6)(B)(iii), on a motion for civil contempt in a civil, non-consent case, a magistrate judge is required to "certify the facts to a

8

district judge," who must then "hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." See AMMEX Corp. v. NY Healthlife, LLC, No. 24 MC 84 (KMK) (JCM), 2024 WL 3299182, at *1 (S.D.N.Y. May 16, 2024) (quoting 28 U.S.C. § 636(e)(6)(B)(iii), adopted by, 2024 WL 3102181 (S.D.N.Y. June 24, 2024)). "Under the certification process . . . the magistrate judge functions only to certify the facts and not to issue an order of contempt." Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008). The purpose of this certification is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." Gov't Emps. Ins. Co. v. N. Med. Care, P.C., No. 20 Civ. 1214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021), adopted by, 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021). "Where . . . the magistrate judge declines to certify the conduct to the district court for a determination of contempt, [however], the district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." In re Amon, 347 F.R.D. at 19; see Harnage, 2019 WL 350593, at *2 (D. Conn. Jan. 29, 2019) (same).

"A magistrate judge may also recommend that certain contempt sanctions be imposed, where warranted by the record." Benthos Master Fund, Ltd. v. Etra, No. 20 Civ. 03384 (AJN) (KHP), 2022 WL 1527315, at *5 (S.D.N.Y. Mar. 14, 2022), adopted in part by, 2022 WL 1555543 (S.D.N.Y. May 16, 2022). If a magistrate judge certifies facts that constitute contempt, the district judge must determine "whether the conduct constitutes contempt and, if so, what sanctions are appropriate." JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03 Civ. 5562 (JGK) (AJP), 2006 WL 1148110, at *1 (S.D.N.Y. Apr. 28, 2006).

**B. Application**

**1. Judicial Notice**

In connection with the Motion, Plaintiff asks the Court to take judicial notice of the Statements. (Dkt. No. 39 at 3–9; see § II, supra).

None of the Statements are judicially noticeable, however, because they are either not "generally known within the trial court's territorial jurisdiction" or cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Instead, the Statements are Plaintiff's arguments, opinions, and legal conclusions that may be "reasonably disputed[.]" Id. Accordingly, we decline to take judicial notice of any of the Statements.

**a. Statement Nos. 1–6, 8, 13–14, and 16–17**

Statement Nos. 1–6, 8, 13–14, and 16–17 are not judicially noticeable because they are arguments concerning the Dec. 3 Letters, and are therefore "subject to reasonable dispute[.]" Fed. R. Evid. 201(b). Plaintiff argues, inter alia, in these Statements that without "any specific factual basis[,]" the City (i) "falsely" claimed that it was "unable to properly investigate Plaintiff's allegations in the complaint[,]" (ii) "fabricate[d] supposedly dismissed criminal charges against Plaintiff," (iii) requested the Releases "with no facts in support[,]" and (iv) "fabricate[d] that Plaintiff has a Medicare[] claim." (Dkt. No. 39 at 3–8). Plaintiff further argues in these Statements that the Dec. 3 Letters are "another instance" of the City's "efforts to interfere and influence this action" and that the City is "fabricating things" about Plaintiff or "acting in concert" with Defendants. (Id. at 9).

Statement Nos. 1–6, 8, 13–14, and 16–17 are not judicially noticeable because while we tend to doubt that the Dec. 3 Letters were attempts to "fabricate" charges and claims on behalf of Plaintiff, arguably, there could be a "reasonable dispute" about the City's basis for sending the Letters, and whether they were requests by the City in the regular course of discovery. (Dkt. Nos. 39 at 5; 31-1 at 1–4). These Statements therefore are not "generally known within the trial court's territorial jurisdiction" and cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### b. Statement Nos. 7, 10, 12, and 15

Statement Nos. 7, 10, 12, and 15 are not judicially noticeable because they are Plaintiff's opinions and therefore cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In these Statements, Plaintiff asserts that: (i) the City had "plenty" of time to investigate his claims; (ii) the City "has been able to investigate" his claims; (iii) the City had "been in possession of the [C]omplaint . . . for about two months and a half[;]" and (iv) the City's request for an extension of time to respond to the Complaint was "unreasonable[.]" (Dkt. No. 39 at 7–8). These statements are Plaintiff's opinions that are not "generally known within the trial court's territorial jurisdiction" but rather are "subject to reasonable dispute[.]" Fed. R. Evid 201(b).

### c. Statement Nos. 9 and 11

Statement Nos. 9 and 11 are not judicially noticeable because they contain Plaintiff's purported legal conclusions about the City's alleged violation of Rule 4(d) of the Federal Rules of Civil Procedure and NY General Municipal Law § 50-h(1), and are thus "subject to reasonable dispute[.]" Fed. R. Evid 201(b).

\*                            \*                            \*

Accordingly, none of the Statements is judicially noticeable under Federal Rule of Evidence 201(b). The Court therefore declines to take judicial notice of any of the Statements.

### 2. Civil Contempt

Plaintiff argues that the City should be held in contempt for not complying with the Dec. 10 Order and responding to the Objection by December 19, 2025. (Dkt. No. 39 at 1–3). Plaintiff concedes, however, that the City filed the MTC on December 19, 2025 — the deadline in the Dec. 10 Order — and that the MTC "acknowledged both Plaintiff's letter and the [Dec. 10 Order]." (Id. at 2). Despite these concessions, Plaintiff argues that the MTC was not a "response" to the Objection because it did not specifically state that it was "intended as a response," and did not substantively respond to the issues Plaintiff raised in the Objection. (Id. at 2).

Plaintiff' Motion is frivolous. A straightforward application of the three elements required to establish a prima facie case of civil contempt, see Nimkoff, 2014 WL 1201905, at \*4, demonstrates that Plaintiff has not established any of the elements of a prima facie case of contempt against the City and therefore, we "decline[] to certify the conduct to the district court for a determination of contempt[.]" In re Amon, 347 F.R.D. at 19.

As for the first element, Plaintiff has failed to establish that "the order the contemnor failed to comply with is clear and unambiguous" for the purposes of civil contempt. Nimkoff, 2014 WL 1201905, at \*4. In the Dec. 10 Order, we ordered the City to "file a response to the Letter" by December 19, 2025. (Dkt. No. 33). In doing so, we did not specify the format, length, or content of the City's response. (See id.). The Dec. 10 Order merely ordered the City to respond to the Letter in the manner it deemed appropriate and did not contain "clear and unambiguous"

12

instructions about the content of the City's response for the purposes of civil contempt. Nimkoff, 2014 WL 1201905, at *4 (for civil contempt, requiring that "the order the contemnor failed to comply with is clear and unambiguous[.]").

As for the second and third elements, Plaintiff has also failed to establish that "the proof of noncompliance is clear and convincing" and that the City "has not diligently attempted to comply in a reasonable manner." Nimkoff, 2014 WL 1201905, at *4. Plaintiff's complaint that the City did not specifically label the MTC as a "response" to the Objections or substantively respond to the issues in the Objection, (Dkt. No. 39 at 2), is simply wrong. As explained above, the Dec. 10 Order merely required the City to "file a response" and did not require a specific format, length, or content. (Dkt. No. 33). By filing the MTC on the required date to "file a response to the Letter," (Dkt. No. 33), the City "diligently attempted to comply in a reasonable manner" with the Dec. 10 Order. Nimkoff, 2014 WL 1201905, at *4. The MTC complied with the Dec. 10 Order, and therefore, there is no "clear and convincing" proof of noncompliance with the Dec. 10 Order. Nimkoff, 2014 WL 1201905, at *4; see Stein Indus., Inc. v. Jarco Indus., Inc., 33 F. Supp. 2d 163, 170 (E.D.N.Y. 1999) ("The contempt power is a grave responsibility and a 'potent weapon,' which should not be used 'where there is a fair ground of doubt as to the wrongfulness of the [party's] conduct.").

Further, the form of the MTC "resulted in no [] injury" to Plaintiff, and there is no evidence that the City acted in bad faith. Stein, 33 F. Supp. 2d at 169–70 (declining to find contempt where defendant's conduct "did not constitute a material violation" of injunction but rather a "de minimis violation[,]" did not result in any economic injury to plaintiff, and was not in bad faith); In re Amon, 347 F.R.D. at 19–20 (declining to find contempt based on respondent's failure to

comply with court order to "file a written response" to motion "unless a consensual resolution [was] reached[,]" where respondent "diligently attempted to comply" in "a reasonable manner" due to belief the motion was "consensually resolved.").

Accordingly, we find that Plaintiff has not "adduced sufficient evidence to establish a prima facie case of contempt," Gov't Emps. Ins. Co., 2021 WL 7906537, at *1, adopted by, 2021 WL 7906536, and thus "decline[] to certify the conduct to the district court for a determination of contempt[.]" In re Amon, 347 F.R.D. at 19. Further, there is no basis to impose sanctions against the City because Plaintiff also has not established that he has been damaged or suffered any loss as a result of the City's filing of the MTC. (See Dkt. No. 39). Al Hirschfeld, 438 F. Supp. 3d at 207 ("The compensatory goal of civil contempt sanctions is met by awarding to the plaintiff any proven damages."); Manhattan Indus., Inc., 885 F.2d 1 at 5 (finding that civil contempt proceedings are "remedial and compensatory, . . . not punitive.").

## IV. CONCLUSION

For the reasons stated above, the Motion is **DENIED**.

The Clerk of Court is respectfully directed to close Dkt. No. 38.


Dated:      New York, New York
            March 13, 2026

                                SO ORDERED.

                                _____
                                SARAH L. CAVE
                                **United States Magistrate Judge**

14